McENANEY, Respondent, *v*. CITY OF BUTTE, Appellant.

(No. 2,995.)

(Submitted September 21, 1911. Decided October 5, 1911.)

[117 Pac. 893.]

*Cities and Towns—Sidewalks—Personal Injuries—Ordinary Care—Liability—Notice of Defect—Complaint—Insufficiency.*

Cities and Towns—Streets and Sidewalks—Notice of Defect.
    1. A municipality being held only to the exercise of ordinary care to make and keep its streets in a reasonably safe condition, it is entitled, after notice, actual or constructive, of the defective condition or of the existence of an obstruction in a street imperiling the safety of persons traveling thereon, to a reasonable opportunity to act in the premises.

Same—Complaint—Notice of Defect—Essential.
    2. Since the liability of a municipal corporation to respond in damages for injuries alleged to have been caused by a defective condition or an obstruction in a street imperiling the safety of persons traveling thereon, depends upon notice of the alleged unsafe condition and the failure to exercise ordinary care to remedy it, the complaint in such an action must allege facts showing notice at a sufficient interval before the injury, to give the defendant reasonable opportunity to act.

Same—Notice of Defect—Insufficiency of Complaint.
    3. Complaint in an action against a city to recover damages for personal injuries alleged to have been caused by a fall upon a sidewalk

(526)

where an accumulation of ice and snow had formed a smooth, slippery and slanting surface, *held,* insufficient, under the rule declared in paragraph 2, *supra,* in that it failed to state facts from which the length of time intervening between the injury and the alleged notice of the unsafe condition in the walk could be determined.

Same—Streets—Snow and Ice—Duty to Remove.

4.   The duty to keep its streets free from accumulations of ice and snow rests upon a municipality only when they imperil life or limb.

Same—Injuries—Statutory Notice—Sufficiency.

5.   The notice of the injury complained of, required by section 3289, Revised Codes, to be given defendant city, signed by the plaintiff, "by C. & K., her attorneys," was *prima facie* sufficient.

*Appeal from District Court, Silver Bow County; J. J. Lynch, Judge.*

Action by Margaret McEnaney against the city of Butte to recover damages for personal injuries caused by a fall on a sidewalk.   Plaintiff had judgment, and from it and an order refusing it a new trial, defendant city appeals.   Reversed.

*Mr. H. Lowndes Maury, Mr. John A. Smith, Mr. Edwin M. Lamb, Mr. John R. Boarman,* and *Mr. N. A. Rotering,* submitted a brief in behalf of Appellant. *Mr. Maury* argued the cause orally.

In the complaint, it is said that the ice and snow, formed by reason of said overflow, was a source of danger to pedestrians passing on and over said sidewalk.   This allegation is clearly a conclusion of the pleader.   ''An allegation that the sidewalk was dangerous is a mere conclusion.''   (*Bretsh* v. *Toledo,* 1 Ohio N. P. 210.)   ''A petition which merely shows that the plaintiff slipped and fell upon the icy sidewalk is demurrable.''   (*Id.; Bodah* v. *Deer Creek,* 99 Wis. 509, 75 N. W. 75.)   The case at bar does not come within the rule laid down in the case of *Storm* v. *City of Butte,* 35 Mont. 385.   In that case the complaint alleged that the defendant city had negligently permitted snow and ice to accumulate on the sidewalk at the point where the injury occurred, to the depth of several inches, and that the ice so accumulated became uneven and rounded and had such an angle from the level of the sidewalk that a person could not walk over it without danger of falling.   The complaint in the case at

bar contains no allegation like the allegation contained in the *Storm Case.* Nor does the case come within the rule laid down by the case of *Townsend* v. *City of Butte,* 41 Mont. 411, 109 Pac. 869. In that case the complaint showed that (a) the defendant had permitted ice and snow to accumulate on the sidewalk at the point where the injury occurred, forming a smooth, slippery and slanting surface dangerous to pedestrians; (b) the failing to remove the same after due notice, and (c) failing to place a warning or signal at the dangerous place. It will be observed that a necessary allegation according to the case last cited is an allegation to the effect that the icy obstruction existed for a sufficient length of time to give the city constructive notice, or that the city had actual notice of the said obstruction for a sufficient length of time to have enabled it to remove the same. In view of the fact that the complaint does not show how the water was carried to the sidewalk and also fails to state that the ice was there for any length of time, we submit that it is clearly insufficient and does not state a cause of action.

The evidence is insufficient to support the judgment. The plaintiff complains that there was smooth, slippery and slanting ice at the point where she fell on the East Broadway street sidewalk. The evidence, however, does not bear out this claim—there is nothing in the testimony of any of the plaintiff's witnesses that shows that the ice about which they testified was any other than level, smooth and slippery ice. "A municipality is not liable for injuries caused by a fall on level, smooth and slippery ice." (*Calder* v. *City of Walla Walla,* 6 Wash. 377, 33 Pac. 1054; *Henkes* v. *City of Minneapolis,* 42 Minn. 530, 44 N. W. 1026; *Brennan* v. *City of New York,* 117 App. Div. 849, 103 N. Y. Supp. 266; *McDonald* v. *Toledo,* 63 Fed. 60; *Aurora* v. *Parks,* 21 Ill. App. 459, 462; *City of Aurora* v. *Pulver,* 56 Ill. 270, 272; *Stanton* v. *Springfield,* 12 Allen (Mass.), 566; *Hutchins* v. *Boston,* 12 Allen (Mass.), 577.)

Where the plaintiff fell on the ice on the sidewalk in front of defendant's house, in order to recover for injuries received the plaintiff must show that the icy condition resulted from some other cause than surface water naturally flowing on it from

melted snow which had frozen on the sidewalk. (*Greenlaw* v. *Milliken*, 100 Me. 440, 62 Atl. 145; see, also, *Hausmann* v. *City of Madison*, 85 Wis. 187, 39 Am. St. Rep. 834, 55 N. W. 167, 21 L. R. A. 263, 275; *Brobury* v. *City of Des Moines*, 63 Iowa, 523, 50 Am. Rep. 756, 19 N. W. 340; *Wilson* v. *Idaho Falls*, 17 Idaho, 420, 105 Pac. 1057; *Chicago* v. *McDonald*, 111 Ill. App. 436; *Mueller* v. *Milwaukee*, 110 Wis. 623, 84 Am. St. Rep. 948, 86 N. W. 162.)

*Messrs. Canning & Keating*, for Respondent, submitted a brief. *Mr. Canning* argued the cause orally.

The proximate cause of the injury to the respondent was the failure of the city to remove the ice and snow, after reasonable notice of its existence in a dangerous condition, or to protect her from injury thereby by proper guards. The continuance of ice and snow in a smooth, slippery and slanting surface on a sidewalk for an unreasonable time is such a defect as renders the municipality liable. (*Townsend* v. *City of Butte*, 41 Mont. 411, 109 Pac. 869.) This condition is alleged in the complaint. It is alleged that this was the cause of respondent's injuries. It is alleged that the city had notice of the existing conditions. It is further alleged that the city received notice of the time and place of the injuries. A general demurrer was interposed to the complaint, and by the court overruled. No special demurrer was interposed. If appellant was desirous of discovering what caused the overflow at the point mentioned in the complaint, or in what manner it was caused, a special demurrer for uncertainty, we contend, might have aided him. The complaint was good as against a general demurrer. (*Townsend* v. *City of Butte, supra.*)

Where, by reason of the manner of constructing the walk or the surrounding conditions, the walk accumulates an unusual amount of snow or ice, or where the snow and ice thus allowed to remain upon the walk are not as they fall from the clouds from purely natural causes, there is like obligation upon the city to remove the obstruction (after notice either express or implied)

and liability for negligence in failure to perform that duty. (*Cook* v. *Milwaukee,* 24 Wis. 270, 1 Am. Rep. 183; *Collins* v. *Council Bluffs,* 32 Iowa, 324, 7 Am. Rep. 200; *Cosner* v. *Centerville,* 90 Iowa, 33, 57 N. W. 636; *Stanton* v. *Springfield,* 94 Mass. 566; *Pinkham* v. *Topsfield,* 104 Mass. 78; *Fitzgerald* v. *Woburn,* 109 Mass. 204; *Adams* v. *Chicopee,* 147 Mass. 440, 18 N. E. 231; *Hughes* v. *Lawrence,* 160 Mass. 474, 36 N. E. 485; *Decker* v. *Scranton City,* 151 Pa. 241, 31 Am. St. Rep. 757, 25 Atl. 36.)

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

Action for damages for a personal injury which it is alleged the plaintiff suffered by reason of a fall upon a sidewalk on one of the streets of defendant, at a point thereon where there was an accumulation of ice and snow, forming a smooth, slippery and slanting surface. The plaintiff had a verdict and judgment. The defendant has appealed from the judgment and an order denying its motion for a new trial.

The sufficiency of the complaint was questioned in the court below, both by general demurrer and by objection to the introduction of evidence at the opening of the trial. The action of the court in overruling the contention of defendant's counsel in this behalf is assigned as error. After reciting the capacity of the defendant, its possession and control of the streets and sidewalks, *etc.,* the complaint alleges:

"3. That the defendant, disregarding its duty in that behalf, did negligently, carelessly and knowingly allow and permit for a long time prior to the 6th day of February, 1909, water to overflow from the adjoining and abutting property, over and across the sidewalk on the north side of said East Broadway street covering a space of more than ten (10) feet; that by reason of the said overflow of said water, over and across said sidewalk as aforesaid, ice and snow accumulated on the said sidewalk at that point, and formed a smooth, slippery and slanting surface of about ten (10) feet wide.

"4. That said overflow of said sidewalk by said water was negligently allowed to wrongfully exist and had existed with the full

knowledge of the defendant for a period of over one year; that said ice and snow formed by reason of said overflow were a source of danger to pedestrians passing on or over the said sidewalk, and during the long period of time which said ice and snow existed, said sidewalk was not protected by any guards, lights, barriers or signals of danger to notify persons traveling upon said sidewalk of the danger caused thereby; and that during all of said time said sidewalk was traveled by great numbers of people, the said sidewalk and street being one of the principal thoroughfares of the said city of Butte, and the said sidewalk was, at this particular point, used by pedestrians traveling thereon both day and night.

"5. That at. and during all the times herein mentioned, the defendant had full knowledge of all the facts and matters herein alleged."

The following paragraphs allege the particulars and character of the injury, and notice to the defendant of the time and place of it, under the requirements of the statute.

Some question is made that the allegations touching the accumulation of ice and snow are insufficient to show that it was such an obstruction as to be a source of danger to persons traveling along the sidewalk; but similar allegations were considered in the case of *Townsend* v. *City of Butte,* 41 Mont. 410, 109 Pac. 869, and were held sufficient.

The contention upon which defendant relies chiefly is, that there is no allegation of fact showing that it was guilty of negligence in failing to remove the alleged obstruction within a reasonable time after notice of its existence. A municipal corporation [1] is held only to the exercise of ordinary care to make and keep its streets in reasonably safe condition. (*Leonard* v. *City of Butte,* 25 Mont. 410, 65 Pac. 423; Dillon on Municipal Corporations, 5th ed., sec. 1697; 28 Cyc. 1358.) This being the rule controlling its liability, it is entitled, after notice of a defective condition or of the existence of an obstruction in a street imperiling the safety of persons traveling thereon, to a reasonable opportunity to act in the premises. Hence, before it can be

held liable for an injury resulting from the unsafe condition, it must appear that sufficient time has elapsed, after notice, to permit it to act. (28 Cyc. 1362; Dillon on Municipal Corporations, 5th ed., sec. 1718.) The notice may be actual or constructive. The celerity of action is necessarily dependent upon the attendant circumstances in each case, *viz.:* location of the obstruction, use of the street, and the like; but mere knowledge, without any reasonable opportunity to act, does not determine liability. In this class of cases, therefore, liability depending, as it does, upon notice of the alleged unsafe condition and the failure to exercise [2] ordinary care to remedy it, it is necessary to allege facts showing notice at a sufficient interval before the injury, to give the defendant reasonable opportunity to act. In other words, the facts stated must show defendant guilty of a legal wrong in [3] failing to act with reasonable diligence. Tested by this rule, the complaint before us is insufficient. It is alleged that "at and during all the times herein mentioned, the defendant had full knowledge of all the facts and matters herein alleged." Read in connection with the preceding allegations, this can mean nothing more than that for some period of time the defendant knew of the accumulation of ice and snow and allowed it to remain without furnishing protection to pedestrians by guards, lights, barriers or danger signals. Was this period of time an hour, or a day or month? The allegation is but a conclusion which the pleader has left unaided by the statement of any specific fact to enable one to determine what the length of time was. Hence the complaint does not contain a statement of facts in ordinary and concise language (Rev. Codes, sec. 6532), and is insufficient to sustain a judgment. It is true that the length of time during which water was permitted to overflow the sidewalk is specifically stated; but even so, no additional fact is stated justifying the inference that the city, through its officers, must have anticipated that the flow would by the intervention of the weather necessarily result in the formation of a dangerous obstruction, and therefore that it was bound to know the condition of the sidewalk as it was when the accident occurred. A [4] municipality is not required under all circumstances to keep

*

the streets free from accumulations of ice and snow.   It must do so only when they imperil life or limb.

The statutory notice served upon the city council is set out in full in the complaint.   It is argued that the demurrer should have been sustained, because it appears that the notice was not given by the plaintiff or anyone in her behalf, as prescribed by the statute.   (Rev. Codes, sec. 3289.)   This contention is without [5]   merit.   The notice is signed by the plaintiff, "by Canning & Keating, her attorneys."   Upon its face it purports to have been given in her behalf by the attorneys who brought the action for her.   This, we think, is *prima facie* sufficient.

In view of the foregoing conclusion, it is unnecessary to notice the other errors assigned by the appellant.   The judgment and order are reversed, with direction to the district court to sustain the demurrer.

*Reversed.*

MR. JUSTICE SMITH and MR. JUSTICE HOLLOWAY concur.

