## TOWN OF DENTON, RESPONDENT, *v.* CHICAGO, MIL-WAUKEE & ST. PAUL RY. CO., APPELLANT.

(No. 4,739.)

(Submitted March 17, 1922. Decided April 5, 1922.)

[206 Pac. 684.]

*Railroads—Watercourses—Obstruction by Ice Gorge—Negligence—Complaint—Insufficiency.*

> 1. Complaint in an action against a railway company for damages occasioned by waters diverted from their regular channel by an ice gorge which formed against one of its bridges and had negligently been permitted to remain upon its property, *held* insufficient for failure to allege that defendant, or its agents or employees, knew of the existence of the jam, or, knowing of its existence, failed or refused within a reasonable time after acquiring knowledge, to take action for its removal; *held,* further that the evidence did not supply the deficiency.

*Appeals from District Court, Fergus County; Jack Briscoe, Judge.*

ACTION by the town of Denton, a municipal corporation, against the Chicago, Milwaukee & St. Paul Railway Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

*Messrs. Murphy & Whitlock, Mr. J. H. Toole* and *Mr. Chas. J. Marshall,* for Appellant, submitted an original and a supplemental brief; *Mr. Toole* argued the cause orally.

The courts throughout the United States have steadily maintained that where the bridge has been carefully constructed so as to sufficiently provide for the passage of such ice, snow, water and debris as may reasonably be expected to pass through the channel of the stream, including such unusual floods as may occasionally occur, there is no further duty upon the builder of the bridge and he is relieved from responsibility for such damage as may occur to adjacent land owners because of unusual and excessive floods which could not reasonably

have been expected to occur, and against which human foresight could not be expected to provide. (*Central Trust Co.* v. *Wabash, St. L. & P. Ry. Co.,* 57 Fed. 441; *Asher* v. *Pacific Electric Ry. Co.,* 42 Cal. App. 712, 187 Pac. 976; *Riddle* v. *Chicago, R. I. & P. Ry.,* 88 Kan. 248, 128 Pac. 195; *Blunck* v. *Chicago & N. W. Ry. Co.,* 142 Iowa, 146, 115 N. W. 1013; *Southern R. Co.* v. *A. M. E. Church's Trustees etc.* (Ky.), 121 S. W. 972; *Goddard* v. *Chicago, B. & Q. R. Co.,* 143 Wis. 169, 126 N. W. 666; *South Side Realty Co.* v. *St. Louis & S. F. Ry. Co.,* 154 Mo. App. 364, 134 S. W. 1034; *St. Louis & Terra Haute R. Co.* v. *William Winkelmann,* 47 Ill. App. 276; *Estes* v. *Chicago, B. & Q. Ry. Co.,* 159 Iowa, 666, 141 N. W. 49; *Tackabery Co.* v. *Simmons Whse. Co.,* 170 Iowa, 203, 152 N. W. 779; *Bell* v. *Missouri, K. & T. R. Co.,* 37 Tex. Civ. 569, 82 S. W. 1073; *Asher* v. *Pacific Electric Ry. Co.,* 42 Cal. App. 712, 187 Pac. 976; *American Loco. Co.* v. *Hoffman,* 105 Va. 343, 8 Ann. Cas. 773, 6 L. R. A. (n. s.) 252, 54 S. E. 25; *Eagan* v. *Central Vermont Ry. Co.,* 81 Vt. 141, 130 Am. St. Rep. 1031, 16 L. R. A. (n. s.) 928, 69 Atl. 732; *Omaha & Repub. Valley* v. *Brown,* 14 Ncb. 170, 15 N. W. 321; *Louisville & N. R. Co.* v. *Conn,* 166 Ky. 327, 179 S. W. 195.)

*Messrs. Cheadle & Cheadle,* for Respondent, submitted a brief; *Mr. E. K. Cheadle* argued the cause orally.

There are many authorities on the responsibility of railway companies in like circumstances, a few of which are cited: *O'Connell* v. *East Tennessee, V. & G. Ry. Co.,* 87 Ga. 246, 27 Am. St. Rep. 246, 13 S. E. 489; 40 Cyc. 574, 575, 682; *Fordham* v. *Northern Pac. Ry. Co.,* 30 Mont. 421, 104 Am. St. Rep. 729, 66 L. R. A. 556, 76 Pac. 1040; *Atchison etc. Ry. Co.* v. *Herman,* 74 Kan. 77, 85 Pac. 817. "If there was negligence on the part of the defendant, act of God is no excuse." (6 Ann. Cas. 285.) "Must make outlet for flood waters." (*Broadway Mfg. Co.* v. *Leavenworth Ter. R. & B. Co.,* 81 Kan. 616, 28 L. R. A. (n. s.) 159, 106 Pac. 1034; *Osborn* v.

*Mississippi & Rum River Boom Co.,* 95 Minn. 149, 103 N. W.
879; *American S. & R. Co.* v. *Riverside D. & S. Farm,* 236
Fed. 510, 149 C. C. A. 562; *Missouri K. & T. Ry. Co. of Tex.* v.
*Riverhead Farm,* 53 Tex. Civ. 643, 117 S. W. 1049; *Martin* v.
*Porter,* 150 Ill. App. 411; *Pribeno* v. *Chicago, B. & Q. Ry. Co.,*
81 Neb. 657, 116 N. W. 494; *Berard* v. *Atchison & N. R. Co.,*
79 Neb. 830, 113 N. W. 537; *Town of Whitestown* v. *State,* 148
N. Y. App. Div. 582; *Southern Ry. Co.* v. *Plott,* 131 Ala. 312,
31 South. 33; *Gulf & Red Cedar Co.* v. *Walker,* 132 Ala. 553,
31 South. 374; *Missouri etc. Ry. Co.* v. *Davidson,* 25 Tex. Civ.
App. 134, 60 S. W. 278; *Scagel* v. *Chicago, M. & St. P. Ry.
Co.,* 83 Iowa, 380, 49 N. W. 990; *McCleneghan* v. *Omaha etc.
Ry. Co.,* 25 Neb. 523, 13 Am. St. Rep. 508, 41 N. W. 350.)

MR. JUSTICE HOLLOWAY delivered the opinion of the
court.

The defendant owns and operates a line of railroad running
through the town of Denton in Fergus county. Northwest of
the town about half a mile is Wolf Creek, a natural water-
course, over which the track is carried by means of a bridge.
Southeasterly from the bridge to the town, the track is upon
a fill or embankment about five feet high and southeast of
the station building in Denton the track is carried over a
swale or coulee by means of a smaller bridge. On March 20,
1917, an ice jam or gorge was formed at the Wolf Creek bridge
which so far filled the vents or openings under it that im-
mense quantities of water were deflected from the creek chan-
nel along the southwest side of the embankment to the smaller
bridge and under it and down and upon the streets of the
town, causing damage for which recovery is sought in this
action.

The complaint assumes to charge two distinct acts of neg-
ligence: (1) The faulty construction of the Wolf Creek bridge
by reason of which the jam or gorge was caused to form, and

(2) the failure of the defendant to take any action to remove the jam or gorge after it formed.

The defendant denied any negligence and pleaded that the jam or gorge was caused by an unusual, excessive and unprecedented amount of snow and ice breaking up in the springtime, as the result of a chinook and warm weather, in other words, by an act of God. The trial of the cause resulted in a verdict for plaintiff and from the judgment entered thereon and from an order denying a new trial, defendant appealed.

At the conclusion of the testimony, the trial court withdrew from the jury's consideration the first charge of negligence as not supported by any evidence and though counsel have devoted much attention to the railway company's duty in constructing the Wolf Creek bridge, we decline to enter upon the discussion of a subject which was not before the lower court and is not before this court. The cause is to be considered as though the first charge of negligence had been omitted altogether, and we have for consideration these two questions: (1) Does the complaint state a cause of action for negligence in failure to remove the jam or gorge? and (2) does the evidence make out a cause of action upon that ground of negligence?

After the preliminary allegations, including an allegation [1] that the jam or gorge was formed, the complaint proceeds: "That when the said ice gorge or jam formed at and above the bridge of the defendant as hereinbefore set forth, about one-half mile westerly from the station of defendant, the defendant carelessly and negligently failed, neglected and refused to use any means and to make any effort to remove the ice gorge or jam, but negligently and carelessly allowed the same to remain where it was formed, and thereby continued negligently and carelessly to divert the waters of said Wolf Creek from their natural channel and to cause the said waters to flow down to and upon the streets and sidewalks of the plaintiff as aforesaid; and that the said gorge or jam remained

where it was formed until certain persons, acting on behalf of the plaintiff and on their own initiative, removed the said ice gorge or jam in order to prevent further damage to the streets and sidewalks of the plaintiff, and generally to the property situated on the townsite of the plaintiff." Then follow appropriate allegations of damage and a prayer for relief.

The defendant is not charged as an active agent in causing the jam or gorge to be formed. Stripped of the first charge of negligence, the complaint and the case submitted to the jury proceed upon the theory, correct in principle, that the defendant owed the continuing duty to exercise ordinary care to keep the openings under the Wolf Creek bridge free from obstructions which would divert the waters from the channel of the creek and cause them to flow over the streets of the town and that a violation of that duty rendered the defendant liable. In other words, it is charged that the defendant permitted the obstruction to remain upon its property and that this was the proximate cause of plaintiff's injury. It is elementary that in order to charge negligence under such circumstances the complaint must set forth the facts which disclose knowledge, actual or constructive, on the part of the defendant of the existence of the obstruction and its failure or refusal to act within a reasonable time. (*McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893; *Phillips* v. *Butte Jockey Club,* 46 Mont. 338, 42 L. R. A. (n. s.) 1076, 127 Pac. 1011; *Boyle* v. *Chicago, M. & St. P. Ry. Co.,* 60 Mont. 453, 199 Pac. 283.) Failure to allege that the defendant, its agents, servants or employees, knew of the existence of the jam or gorge or, knowing of its existence, failed or refused within a reasonable time after acquiring knowledge, to take action for its removal, renders the complaint fatally defective.

And the omissions in the complaint were not supplied by the evidence. It appears that the jam existed for thirty-six hours; that plaintiff's officials sought to protect the town by

[63 Mont. 70.]

blocking up the openings under the smaller bridge but that they were forbidden to do so by the defendant's agent, who said to them: "I am holding the section crew here and if any work is done, we will tear it out." A witness for plaintiff also testified: "I told the agent of the railway company that we would like to have some assistance to remove the ice jam. The agent did not remove the ice jam or take any steps towards its removal. I took the matter up with several of the council and I hired a fellow and we went up there. We blasted the ice and got the channel opened up so that the water could flow freely." There is not a word in the entire testimony to indicate whether these interviews with defendant's agent occurred fifteen minutes or fifteen hours before the jam was removed and nothing whatever to show that the defendant or its agent knew of the existence of the jam before the interviews took place. Eliminating the allegations with reference to the first charge of negligence and the complaint does not state a cause of action and the evidence does not supply its deficiency.

The judgment and order are reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY, ASSOCIATE JUSTICES COOPER and GALEN, and HONORABLE H. H. EWING, District Judge, sitting in place of MR. JUSTICE REYNOLDS, disqualified, concur.

Rehearing denied May 12, 1922.