**SHAW v. UNITED STATES**
No. 4745.

United States Court of Appeals
First Circuit.
Oct. 23, 1953.

Paul C. Hanna, Framingham, Mass., for appellant.

Thomas P. O'Connor, Asst. U. S. Atty. (Anthony Julian, U. S. Atty., both of Boston, Mass., on brief), for appellee.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

This is an appeal from a judgment for the defendant in a suit brought under the Federal Tort Claims Act. Title 28 U.S.C. § 2671 et seq., particularly § 2674. The jurisdiction of the court below rests upon Title 28 U.S.C. § 1346 (b); our jurisdiction rests upon Title 28 U.S.C. § 1291.

In 1918 the United States took title to the property of the Boston, Cape Cod and New York Canal Company, consisting of the Cape Cod Canal itself, a strip of land on either side of the actual waterway, and, among other bridges over the canal, one known as the Sagamore-Bourne Bridge which carried a Massachusetts State Highway known as the "Old Plymouth Road" across the canal. During the 1930's the United States built a new bridge over the canal about a quarter of a mile away and soon thereafter it demolished the old Sagamore-Bourne Bridge. When this was done the United States erected a barricade across the "Old Plymouth Road," then no longer usable to cross the canal, which consisted of a wooden fence, located close to the top of the bank of the canal, one end of which was approximately 5½ feet and the other end approximately 14½ feet inside the canal property line. The fence consisted of three plank rails spiked to three posts set in the ground. Some of the planks were painted in black and white stripes and there were also reflector-type stop signs mounted on and near the fence.

About eleven o'clock on the night of June 16, 1950, the plaintiff's decedent, a young man of 18, was riding as a passenger in an automobile operated by his cousin, a young man of 21. The vehicle approached the canal over the "Old Plymouth Road," apparently at high speed, plunged through the barricade and turning end over end sailed some eighty feet through the air into the canal. Both young men were killed.

Although the court below found that both the decedent and his cousin were intoxicated, it did not base its decision on a finding of contributory negligence. Instead it found that the United States through its officers and agents had taken reasonable precautions to warn the public not to drive over the old highway beyond its property line.

It is true that during the day preceding the accident the fence had been damaged to some extent by employees of the United States in dumping a truck load of loam over it to fill eroded areas on the bank of the canal. But nevertheless the court below found that one reflector-type sign remained attached to the barrier which could be seen in the glare of automobile headlights in ample time to halt a motor vehicle before it reached the fence, and that the damage done to the fence was non-causal for it made no markedly perceptible change in the appearance of the fence and its repair "would not have improved the 'warning' value of the structure to any great degree, nor could it have stopped the speeding vehicle from hurtling into the canal."

Perhaps the United States might have done more than it did, but we are by no means prepared to say on the record before us that the District Court's conclusion of due care on its part was clearly erroneous.

Other arguments advanced by the appellant have been considered but in our opinion they are not of sufficient moment to invite discussion.

The judgment of the District Court is affirmed.