**Dessie BIG HEAD, Administratrix of the Estate of Frank Big Head, Deceased, Plaintiff,**

v.

**UNITED STATES of America, and Lester C. Scott, Defendants.**

**Dessie BIG HEAD, Plaintiff,**

v.

**UNITED STATES of America, and Lester C. Scott, Defendants.**

Civ. Nos. 162, 163.

United States District Court
D. Montana,
Billings Division.

Oct. 8, 1958.

2. Sen.Rep. No. 1952, July 24, 1958; 1958 U. S. Code Congressional and Administrative News, Aug. 20, 1958, No. 13, page 3025, at page 3027.

Bert W. Kronmiller and Douglas Y. Freeman, Hardin, Mont., for plaintiff.

Krest Cyr, U. S. Atty., Butte, Mont., Waldo N. Spangelo, Asst. U. S. Atty., Billings, Mont., for defendant United States.

Coleman, Lamey & Crowley, Billings, Mont., for defendant Lester C. Scott.

**512**

JAMESON, District Judge.

In each of these cases the defendants have filed separate motions to dismiss plaintiff's amended complaint on the ground that it fails to state a claim upon which relief can be granted. No briefs have been filed in support of the motions of the defendant Scott, and his motions accordingly are submitted for summary ruling pursuant to Rule 7(a) of the Rules of Procedure of the United States District Court for the District of Montana. The defendant United States has filed briefs in support of its motions to dismiss and plaintiff and the defendant Scott have filed briefs in opposition thereto.

The amended complaints allege that on January 18, 1957, a truck driven by defendant Scott's employee failed to negotiate a curve and detour around a bridge washout, went into the washout and overturned. The accident occurred on a United States Government road on the North Cheyenne Indian Reservation, approximately three miles north of Birney, Montana. Dessie and Frank Big Head were riding in the dump box of the truck. Frank was killed and Dessie injured. Action No. 162 was brought by Dessie Big Head, as Administratrix of the Estate of Frank Big Head, for damages sustained by the estate and dependent heirs of the deceased. Action No. 163 is for injuries sustained by Dessie.

The United States was joined as a party defendant under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671 et seq., the amended complaints alleging that this defendant was negligent in failing to maintain and keep its road and bridge in a safe condition and in failing to take suitable measures to warn the traveling public of the defective condition thereof. The sole question is whether the Federal Tort Claims Act authorizes actions against the Government for negligence in the maintenance and upkeep of Government roads.

The applicable federal statutes are: 28 U.S.C.A. § 1346(b) " * * * the district courts * * * shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages * * * for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C.A. § 2674 "The United States shall be liable * * * in the same manner and to the same extent as a private individual under like circumstances * * *."

The Government contends that whether such an action can be brought against the Government depends solely upon whether such an action could be brought against the State of Montana. This argument is apparently based upon the premise that a situation where private persons would be responsible for the operation and maintenance of a public road would not arise in Montana, and therefore the question is whether an action will lie against the State. However, the Tort Claims Act specifically provides that the United States is to be liable in the same manner "as a private individual under like circumstances." If the Government's argument is correct, the Act waived the sovereign immunity of the United States but substituted for it the sovereign immunity of state governments in cases where the activity of the Government was not one ordinarily entered into by a private individual. This was neither the express nor implied purpose of the Tort Claims Act and should not be its effect.

In Rayonier, Inc., v. United States, 1957, 352 U.S. 315, 77 S.Ct. 374, 1 L.Ed. 2d 354, the Court said: " * * * the United States' liability is not restricted to the liability of a municipal corporation or other public body and * * * an injured party cannot be deprived of his rights under the Act by resort to an

alleged distinction, imported from the law of municipal corporations, between the Government's negligence when it acts in a 'proprietary' capacity and its negligence when it acts in a 'uniquely governmental' capacity." 352 U.S. at page 319, 77 S.Ct. at page 376. The Rayonier case held that the United States is not immune from liability under the Tort Claims Act for negligence of its employees in fighting a fire if in similar circumstances a private individual would be liable under state law.

Similar contentions were made by the Government and rejected by the courts in Indian Towing Co. Inc., v. United States, 1955, 350 U.S. 61, 76 S.Ct. 122, 100 L.Ed. 48 and Air Transport Associates v. United States, 9 Cir., 1955, 221 F.2d 467, 470. In the Indian Towing case it was held that the United States was liable for negligent acts of the Coast Guard in the operation of a lighthouse. In the Air Transport Associates case the court held that the United States was liable for damages sustained in a landing by plaintiff's aircraft on a military base at Anchorage, Alaska. The plaintiff had contracted with the Air Force to use the landing field which was the only one in the area.[1]

A noteworthy example of an action being allowed against the Government under the Tort Claims Act where there could be no comparable private activity is Bulloch v. United States, D.C.D.Utah 1955, 133 F.Supp. 885. That case involved an action by sheep owners to recover damages caused as a result of nuclear tests conducted by the federal government.[2]

The question then is, whether under Montana law a private person maintaining a road for public use could be sued for negligence in its upkeep. The Montana Supreme Court has recognized that there is a common law liability against cities and towns for their torts in the performance or nonperformance of their municipal duties and that this liability extends to negligence in leaving an obstruction on a sidewalk.[3] Lazich v. Belanger, 1940, 111 Mont. 48, 105 P.2d 738. A municipal corporation has been held to be subject to liability for damages resulting from the negligent maintenance and operation of a public swimming pool. Felton v. City of Great Falls, 1946, 118 Mont. 586, 169 P.2d 229. On the other hand the State Highway Commission has been held not to be liable for damages resulting from a defective

1. In an opinion by Judge Murray the court said: "The government argues that in order for there to be jurisdiction in the District Court of a claim against the government under the Federal Tort Claims Act, the government must be equated to a private individual. In other words, the argument is that because a private individual does not operate a military air base * * * the government cannot be equated to a private individual and hence jurisdiction does not lie. There is no merit to this argument. No distinction is to be drawn between sovereign and proprietary functions in determining liability under the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671 et seq." 221 F.2d at page 470.

2. The court said: "Under the Tort Claims Act permitting recovery against the United States if a private person would be liable, it is not necessary to show that a private person could be sued under identical circumstances. * * * It is pointed out that private persons un-

der existing law cannot legally detonate a nuclear device. Neither can they maintain armies, operate the postal service, operate, independent of Government, certain secret experimental aircraft, or operate military airbases. Yet, there are analogous private activities in the scope of which certain negligent acts would give rise to private liability. I have no doubt that as to these, there may be corresponding responsibility on the part of the Government under the Tort Claims Act, depending on the particular facts." 133 F.Supp. at page 892.

3. "The fact of the matter is that the theory whereby municipalities are made amenable to liability is an endeavor, however awkward and contradictory, to escape from the basic historical doctrine of sovereign immunity. The Federal Tort Claims Act cuts the ground from under that doctrine; it is not self-defeating by covertly embedding the casuistries of municipal liability for torts." Indian Towing Co. v. United States, supra, 350 U.S. at page 65, 76 S.Ct. at page 124.

condition of a highway and the absence of warning signs. Coldwater v. State Highway, 1945, 118 Mont. 65, 162 P.2d 772. The latter decision, however, was predicated upon the ground that the Commission was acting in a governmental capacity (as opposed to proprietary) and therefore the sovereign immunity of the state prevented the action against it. In Johnson v. City of Billings, 1936, 101 Mont. 462, 54 P.2d 579, both a county and a city were held liable for the negligence of an employee engaged in repairing a highway when they were acting in a proprietary capacity and not under the mandate of the statute to keep the highways in repair.[4]

■ The rule regarding the liability of a private corporation in the maintenance of a highway is stated by Corpus Juris Secundum, as follows: "Where the duty of maintaining a highway is imposed on, and accepted by, a private corporation, as an incident of its franchise, the corporation may be held liable for damage resulting from breach of its duty to keep the highway in proper repair." 40 C.J.S. Highways § 252a, p. 287. Independent highway contractors are also held liable. "An independent highway contractor is denied the immunity from liability for damages resulting from highway defects and obstructions, which is sometimes granted the sovereign or public body, and, having a primary and nondelegable duty to keep the highway in safe condition during work thereon, a highway contractor must respond in damages for injuries due to his negligence or other breach of duty. * * *" 40 C.J.S. Highways § 252b, p. 288 headnote.[5]

■ In my opinion there is no question that a private person charged with the duty of maintaining a road in Montana would be liable under Montana law

for damages proximately caused by his negligence.

Counsel for the Government argue that no cases have been found under the Federal Tort Claims Act involving a similar fact situation and that accordingly it must be generally recognized that the Government is not liable in this field. Shaw v. United States, 1 Cir., 1953, 207 F.2d 532, however, involved an action brought under the Tort Claims Act against the United States for wrongful death when an automobile in which deceased was riding plunged through a barricade and into a canal. The United States had taken title to the property surrounding a bridge over the canal, had removed the bridge and built a new one a short distance away. A barricade had been erected across the road leading to the place where the bridge had been removed. While the court found for the United States, the finding was predicated on the ground that the Government had taken reasonable precautions to warn the public not to drive over the old highway beyond its property line. The question of whether an action against the United States was authorized under the Tort Claims Act was not even raised.

■ Counsel suggest further that if the Government may be held here, it might be made a co-defendant in any number of cases where accidents occur on highways over which the United States has some control as to design or financing. This apprehension is unwarranted. Liability is predicated upon the negligence of Government employees in the maintenance of the highway. " * * there remains the overriding principle that the United States has not consented to be sued under the Tort Claims Act on any ground other than that of a wrongful or negligent act or omission on the part of an *employee* of the government." (Emphasis supplied.) Dushon

---

4. This case discusses in some detail the distinction between the liabilities of cities and towns and that of counties in the maintenance of highways.

5. See also C. C. Moore Construction Co. v. Hayes, 5 Cir., 1941, 119 F.2d 742, cer-

tiorari denied 314 U.S. 642, 62 S.Ct. 82, 86 L.Ed. 515; Thompson Caldwell Construction Co. v. Young, 4 Cir., 1923, 294 F. 145; Ulmen v. Schwieger, 1932, 92 Mont. 331, 12 P.2d 856.

v. United States, 9 Cir., 1957, 243 F.2d 451, 454. In the Dushon case an employee of an independent contractor doing construction work for a federal agency was held not to be an employee of the United States under the Tort Claims Act. Moreover, "the very purpose of the Tort Claims Act was to waive the Government's traditional all-encompassing immunity from tort actions and to establish novel and unprecedented governmental liability." Rayonier, Inc., v. United States, supra, 352 U.S. at page 319, 77 S.Ct. at page 377.

The United States also contends that the complaints are defective in that they contain no allegations that the United States had actual notice of the defect in the road as is required by Montana law in order to hold county commissioners liable on their bond. However, the provision requiring actual notice (R.C.M.1947, § 32–309) is a waiver of sovereign immunity and would not apply where a private individual was involved. Prior to the enactment of the statutory requirement in R.C.M.1947, § 11–1305, requiring actual notice before a city or town may be liable for damages resulting from defective streets or sidewalks, the rule was that actual or constructive notice was sufficient. McEnaney v. City of Butte, 1911, 43 Mont. 526, 117 P. 893; Remesz v. City of Glasgow, 1934, 95 Mont. 595, 28 P.2d 468. The general rule is stated in Corpus Juris Secundum: "A municipality, or highway officers having charge of the maintenance of the highway, or a person causing defects or obstructions in the highway are as a rule liable for injuries caused thereby to travelers only where they have actual or constructive notice of the defect or obstruction." 40 C.J.S. Highways § 263, p. 312. The complaints allege that the United States "knew or should have known" of the hazardous condition, and that is sufficient.

Finally, the Government contends that it is necessary to allege gross negligence under Montana law because in order for county commissioners to be liable on their bonds it is necessary to allege "wilful or intentional" neglect, and "somewhat related", a guest in an automobile "assumes the ordinary negligence of the owner or operator of such vehicle." There is no merit in this contention. No Montana authority has been found indicating that other than an ordinary degree of care would be required of a private individual maintaining a road. The provision that county commissioners may be held only for their "wilful, intentional neglect" was incorporated in Sec. 32–309 R.C.M.1947, by amendment in 1929. (Sec. 1, Ch. 81, L. 1929). Prior thereto county commissioners in the upkeep of roads were required "to exercise a reasonable degree of care * * * the same degree of care which an ordinarily prudent man would exercise in the conduct of his own affairs." Smith v. Zimmer, 1912, 45 Mont. 282, 125 P. 420, 427. Moreover, it has been held that a city is bound to exercise ordinary care to keep its streets in a reasonably safe condition. McEnaney v. City of Butte, 1911, 43 Mont. 526, 117 P. 893. That is the degree of care required of private individuals maintaining a road. The same degree of care is required of the Government under the Federal Torts Claims Act.

All motions to dismiss are denied, and defendants are granted 30 days within which to plead further.