JOHN ZAITZ, APPELLANT, V. DRAKE-WILLIAMS-MOUNT
COMPANY, APPELLEE.

FILED DECEMBER 1, 1921. No. 21671.

Master and Servant: ASSAULT: LIABILITY OF EMPLOYER. The employment of a foreman in a factory or shop, with authority to direct the method of doing the work and with power to engage and discharge employees, does not bring within the scope of such employment the right or duty to inflict corporal punishment upon an employee, and, if following the discharge of an employee, but before his departure from the premises, the foreman makes an assault upon him, the employer will not be held liable for the injury received, in the absence of proof that the foreman was a person of violent temper, or dangerous character, and that the employer knew, or ought to have known, of his infirmity, unless it be shown that the employer either directed or authorized the assault.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. Affirmed.

J. E. Von Dorn, for appellant.

Lambert, Shotwell & Shotwell, contra.

Heard before MORRISSEY, C. J., ROSE, ALDRICH and FLANSBURG, JJ., BROWN and ELDRED, District Judges.

MORRISSEY, C. J.

Plaintiff brought this action for damages alleged to have been received while an employee of defendant Drake-Williams-Mount Company, a corporation. He also joined as a defendant one Otto Starr. The defendant Drake-Williams-Mount Company was engaged in the business of manufacturing tanks and boilers. Defendant Starr was the foreman at the plant at which plaintiff was employed. In the performance of his labors plaintiff took a position in one of the tanks under construction which, according to the view of the foreman, was disadvantageous. The foreman directed plaintiff to take a different position, which the foreman indicated. Plain-

tiff appears to have resented the suggestion, or direction, of the foreman, and the foreman discharged plaintiff, directing him to report at the office for the money that was due him. Plaintiff thereupon stepped aside from the work, and he claims that, while in the act of putting on his coat preparatory to reporting to the company's office, he was struck by the foreman and severely injured. It is clear that plaintiff was struck by the foreman, but it is claimed on behalf of defendants that the assault was not made in connection with the work or with a view of disciplining plaintiff, but that plaintiff had been angered because of his discharge and called the foreman a vile name, thus provoking the assault. At the close of plaintiff's evidence the court instructed the jury to return a verdict in favor of defendant Drake-Williams-Mount Company, but permitted the case to proceed as against defendant Starr. As between plaintiff and defendant Starr the jury disagreed, and this appeal involves only the ruling of the court on the motion to direct a verdict for defendant Drake-Williams-Mount Company.

For the purpose of this review, we give full credence to the testimony offered by plaintiff. Having done so, does it establish a liability against the employer? Plaintiff contends that the employer is liable for the acts of the foreman, who was in charge of the plant with power to hire and discharge employees. The employer denies that any direction or order to discipline employees had been given, and insists that, if the foreman attempted to do so, he was acting outside the scope of his authority and without the sanction or approval of his employer. Plaintiff also undertook to prove that the foreman was a man of quarrelsome disposition, and that this fact was known to the employer. The evidence offered, however, is entirely insufficient to prove the foreman either quarrelsome or vicious. Indeed, the testimony of plainitff's witnesses on this point affirmatively shows otherwise.

Was the act of the foreman in making the assault within the scope of his employment or so connected with

his duty as to make his employer responsible for his acts? It is well settled that, when the act complained of is within the scope of the agent's employment, the master may be liable if the servant performed the act with a view to the service for which he was employed, and in such cases whether the servant did the act with a view to his master's service or to serve his own private ends is generally a question of fact for the jury.

The foreman had authority to direct the actions of the employees in and about the performance of their work and to discharge them either with or without explanation. As the representative of the employer, he had, of course, the right to maintain order and preserve discipline, but this did not carry with it the right to inflict corporal punishment. It is true that employees, such as railway guards and street car conductors, as a necessary part of their employment, are called upon to use force under special circumstances in preserving the peace and good order and in removing from the premises, or cars, of the employer undesirable and dangerous characters, and, in certain instances, the employer may be liable for the misconduct of the employee. But no such duty devolved upon the foreman in this instance. Indeed, the facts presented bring the case clearly within the rule announced by this court in *Allertz v. Hankins*, 102 Neb. 202. No doubt the trial court had that holding in view when he made the order from which this appeal is prosecuted. The record is free from error, and the judgment is

AFFIRMED.