DANIEL BOCIAN, APPELLEE, v. UNION PACIFIC RAILROAD COMPANY, APPELLANT.

289 N. W. 372

FILED DECEMBER 20, 1939. No. 30700.

Thomas F. Hamer, George C. Holdrege, Walter B. Sadilek and William J. Schall, for appellant.

Wagner, Wagner & Albert, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ., and FALLOON, District Judge.

ROSE, J.

This action was brought under the federal employers' liability act, making an interstate railroad carrier liable to an employee for an injury "resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier," if the negligent act is committed within the scope of the wrong-doer's employment or directed or authorized by the carrier. 45 U. S. C. A. ch. 2, sec. 51.

Plaintiff, Daniel Bocian, was employee. Defendant, Union Pacific Railroad Company, was employer. Plaintiff was a member of a section crew engaged in repairing defendant's railroad track near Rogers in Colfax county. John Demos was defendant's section foreman. He assaulted plaintiff April 11, 1938, and shoved him off the shoulder of the railroad track at about 2:30 p. m. into a ditch, where he was allowed to remain without attention until evening. After the assault plaintiff had a hernia in the scar of a former appendectomy.

Plaintiff alleged in his petition that the assault was com-

mitted within the scope of the foreman's employment; that the foreman was a person of violent temper and vicious character and disposed to assault men under him in order to induce them to work faster, facts within the knowledge of defendant; that the assault was made for such purpose; that as a result of the assault plaintiff was totally disabled and suffered great physical pain and mental anguish; that the injuries were permanent. There was a prayer for judgment in the sum of $2,990.

In the answer to the petition it was admitted that defendant was an interstate carrier; that John Demos was foreman of the section crew April 11, 1938; denied that plaintiff's injuries were caused by any act of defendant, its agents, servants or employees; alleged injuries of plaintiff were caused by his own acts. The reply to the answer was a general denial.

Upon a trial of the cause there was a verdict in favor of plaintiff for $2,500. From judgment therefor defendant appealed.

On appeal the verdict is challenged as being without support in the evidence, and instructions by the trial court to the jury are criticized as erroneous and prejudicial to defendant.

There is testimony tending to prove the following facts: It was the duty of Demos, the foreman, to keep the tracks in his section in proper repair for railroad purposes. He had authority to direct all other members of the crew in the performance of their duties and to employ and discharge section hands.

While there is testimony to the effect that, in addition to the assault on plaintiff, the foreman previously threw a bucket at another employee, the evidence is wholly insufficient to sustain a finding that, within the knowledge of defendant, the foreman was at the time of the assault a person of violent temper and vicious character and disposed to assault men under him to induce them to work faster, as alleged in the petition.

The law that permits a conductor on a passenger car to

assault a dangerous person, when necessary for the protection of passengers, as pointed out in *Zaitz v. Drake-Williams-Mount Co.*, 107 Neb. 262, 185 N. W. 424, has no application to the present controversy.

The evidence proves that the foreman assaulted plaintiff and thereafter directed other members of the crew to pay no attention to him. Through inhuman cruelty, plaintiff was left for hours after the assault on damp ground in a ditch at the side of the railroad track. There is an entire absence of proof that Demos was authorized or directed by defendant to assault a member of the crew for any purpose.

The law is that an interstate carrier, under the federal employers' liability act, is not liable in damages for such an assault unless it was committed by the wrong-doer within the scope of his employment or directed or authorized by the employer. *Davis v. Green*, 260 U. S. 349, 43 S. Ct. 123; *Allertz v. Hankins*, 102 Neb. 202, 166 N. W. 608; *Zaitz v. Drake-Williams-Mount Co.*, 107 Neb. 262, 185 N. W. 424. In the administration of the federal employers' liability act, pertinent opinions of the federal courts are binding on state courts. *Sullivan v. Chicago & N. W. R. Co.*, 128 Neb. 92, 258 N. W. 38.

A vital issue in the case at bar was whether the foreman made the assault while acting within the scope of his employment. Plaintiff had been in the employ of defendant at different times for several years. On the afternoon of the assault the members of the crew were at work on defendant's railroad track at or near a private crossing not far from Rogers.

In testifying, plaintiff was hampered by failure to understand the English language and his handicap was not entirely overcome by the aid of an interpreter, but he testified in effect that, as directed by Demos, the foreman, he was at work alone with a shovel 200 feet from the other members of the crew; that Demos walked back and forth between him and the crew three times; said nothing first and second times; third time came up, grabbed plaintiff's shovel

and hit him on the right side and he fell on his knees. Demos said to him, "Come with me;" both went to the place where the others were at work; Demos, approaching the crew and rubbing the side of his face, said: "Dan (plaintiff) hit me;" plaintiff took a shovel, Demos grabbed it and threw it on the ground, saying, "Get away. I will kill you;" plaintiff sat on the gravel on the "hobo path" and Demos shouted, "The train is coming;" plaintiff got up, turned around, and Demos hit him on one side of his face and then on the other and pushed him into the ditch and something then bursted in his right side a little above the waist line; fell on the ground and called in vain for help. This is a mere summary from plaintiff's testimony. It appears from other evidence that plaintiff was taken from the ditch in the evening in a helpless if not unconscious condition. In spite of orders to pay no attention to him, his coat was thrown to him by a member of the crew.

Referring to the assault and the incidents connected therewith, Demos, the foreman, testified that he took plaintiff to his place to work; showed him how to do it and returned to the crew; went back to see if plaintiff had done as directed and found he had not; Demos stooped down and asked plaintiff for his shovel to give further instructions and was struck on his left cheek by plaintiff, who was told to go home; that he was fired; that plaintiff, as directed by Demos, followed the latter to the place where the other members of the crew were at work, was shoved into the ditch and was told to stay there; that he had been previously discharged. The foreman explained the cause of the assault as follows: "Because I was mad because he hit me in the face." There were, however, inferences from evidence that he gave plaintiff directions as foreman after he first claimed to have ordered the discharge and that the assault grew out of the failure of plaintiff to perform his duties as directed. Plaintiff testified he did not strike Demos. The evidence is also in conflict as to the discharge of plaintiff before he was assaulted. In a recent case to recover from an employer damages resulting from an employee's assault it was held:

"An act that is incidental to the duties authorized is within the scope of the employment." *Rich v. Dugan*, 135 Neb. 63, 280 N. W. 225.

In the same case, referring to conduct of an employee, the following rule was quoted:

"Such conduct, to come within the rule, must not be impelled by motives that are wholly personal, or to gratify his own feelings or resentment, but should be in promotion of the business of his employment."

This rule conforms to federal law. *Davis v. Green*, 260 U. S. 349, 43 S. Ct. 123.

The burden of proving an actionable injury "resulting in whole or in part from the negligence of any of the officers, agents or employees" of an interstate carrier, while the wrong-doer was acting within the scope of his employment, is on a plaintiff who claims damages as the proximate cause of such negligence. This is the rule of both federal and state courts.

In the case at bar, with evidence as already indicated, the trial court in explaining to the jury the answer to the petition, including affirmative pleas and claims of defendant, gave instruction Number 2, as follows:

"Defendant for its answer to the claims of plaintiff denies the statements and allegations of plaintiff's amended petition and affirmatively pleads and claims that plaintiff had already been discharged at the time the said John Demos assaulted him and that the assault in question was not in the course of the employment of the said John Demos but was a personal matter between him and plaintiff and was made after plaintiff had ceased to work for defendant and as a personal retaliation of the said John Demos on account of the plaintiff having struck the said John Demos and was not in any way connected with or in furtherance of the work of the said John Demos as section foreman. Defendant further claims that the plaintiff was not injured in the affray between himself and the said John Demos but that the rupture complained of was an old one of long standing, from which the plaintiff has been suffering long

prior to the said assault. Defendant further alleges that such assault was not unprovoked but resulted from the misconduct of the plaintiff."

With affirmative defenses and claims thus stated to be that plaintiff was not an employee of defendant at the time of the assault, because previously discharged, and that the wrongful act of the foreman was committed while acting beyond the scope of his employment, the trial court gave instruction Number 4, reading thus:

"The burden in this case is upon the plaintiff who in order to recover herein must prove the allegations of his petition by a preponderance of the evidence and if he does not do so or if the evidence is evenly balanced or if it preponderates in favor of the defendant then the plaintiff cannot recover. The burden is upon the defendant, however, to prove his affirmative allegations and claims."

As already explained, the burden was on plaintiff to prove that he was an employee of defendant at the time of the assault and also that the foreman was then acting within the scope of his employment. The last sentence in the fourth instruction put on defendant the burden of proving that plaintiff was not an employee when assaulted, because previously discharged, and that the wrongful act of the foreman was beyond the scope of his employment, thus misplacing the burden of proof on these issues and making the instructions conflicting—plain error well calculated to mislead the jury to the prejudice of defendant.

The eighth instruction relating to liability under the federal statute omits the essential element that negligence or assault, to be actionable, must be within the scope of the wrong-doer's employment, thus also conflicting with other instructions. Correct instructions to the jury do not cure prejudicial error in other misleading and contradictory instructions on the same issues. *Brooks v. Thayer County,* 126 Neb. 610, 254 N. W. 413; *Toliver v. Rostin,* 120 Neb. 363, 232 N. W. 616; *Koehn v. City of Hastings,* 114 Neb. 106, 206 N. W. 19.

There are complaints of other rulings in the proceedings

below, but, if erroneous, they are not likely to be repeated in this case.

For errors in the instructions, the judgment is reversed and the cause remanded for further proceedings.

REVERSED.