[No. 11957.   Department Two.   November 16, 1914.]

MIKE REEVE, *Appellant*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Respondent*.[1]

MASTER AND SERVANT—INJURY TO SERVANTS—EMPLOYERS' LIABILITY ACT—NEGLIGENCE OF FELLOW SERVANTS—ACTS OUTSIDE EMPLOYMENT. Under the Federal employers' liability act, intended to render an employer engaged in interstate commerce liable to an employee injured in the course of his employment by the careless and negligent acts of other employees, a carrier is not liable to an employee who sustained a fall while in the course of his employment, by reason of the negligent acts of fellow servants, who were wrestling and scuffling in the car; since the statute contemplates liability for negligent acts of others only when such negligent acts occur while they were doing some act required in the prosecution of the carrier's business.

Appeal from a judgment of the superior court for King county, Tallman, J., entered September 8, 1913, dismissing an action for personal injuries under the Federal employers' liability act, after a trial on the merits to the court. Affirmed.

*Geo. B. Cole* and *John Wesley Dolby*, for appellant.

*C. H. Winders*, for respondent.

FULLERTON, J.—The appellant was in the employment of the respondent as a laborer, his specific duties being to assist in supplying the respondent's baggage, mail, and other cars with water and fuel, and to aid otherwise in fitting them for service on the respondent's railway. On the evening of June 23, 1911, the appellant and another employee of the respondent, after performing their duties with respect to certain cars, entered a baggage car of the respondent in which was a third employee. On entering the baggage car, the appellant sat down on the floor in the door of the car, with his feet outside of the door resting on the iron steps or stirrups which hung

[1]Reported in 144 Pac. 63.

below the floor.   While so sitting, the other employees began
wrestling or scuffling in the body of the car, and while so en-
gaged, whether intentionally so or not the evidence does not
disclose, one of them brushed against, or pushed against, the
appellant, causing him to fall to the ground below.   In the
fall, the appellant received severe and lasting injuries; frac-
turing the radius and ulna and dislocating the wrist of his
right arm.

The respondent is a common carrier, by railroad, of inter-
state commerce, and it is conceded in the record that the ap-
pellant was employed by "such carrier in such commerce,"
within the meaning of the act of Congress of April 22, 1908,
commonly known as the employers' liability act.   35 U. S.
Stat. 65.

This action was instituted by the appellant under the pro-
visions of the statute above cited, to recover in damages for
the injuries suffered.   The cause was tried before the court
sitting without a jury, and resulted in a judgment of dis-
missal.

In this court, the appellant relies upon the first section of
the statute, which provides that any common carrier by rail-
road, while engaged in commerce between any of the several
states, shall be liable in damages to any person suffering in-
jury while he is employed by such carrier in such commerce,
resulting in whole or in part from negligence of any of the
officers, agents, or employees of such carrier.   He argues
that the act of his coemployee in pushing him from the car
door was an act of negligence within the contemplation of the
statute cited; and, since the act resulted in his injury while
he was in the carrier's employ, the carrier is liable to answer
for the injury.   Read literally, and without consideration of
its object and purpose, the statute relied upon would seem
broad enough to create liability on the part of the carrier
under circumstances such as are here shown.   But we cannot
think it subject to such a literal construction.   To those ac-
quainted with the history of the law on the subject of actions

for personal injuries, it is apparent that the primary purpose of the statute was to permit a recovery in that class of cases where the right would be otherwise defeated under the common law doctrine of fellow servant. Its purpose was not to render the carrier liable in all instances and under all circumstances, where one employee of a carrier is injured by the careless and negligent acts of another. It is not enough that the negligent act causing the injury occur during the existence of the employment, nor is it enough that it occur during the hours the employees are required to be on duty. To render the carrier liable, the negligent act must occur while the employees are doing some act required in the prosecution of the carrier's business.

"For the employer to be held liable, in damages, for an injury to an employee, the injury must not only arise out of, but it must also occur 'in the course of' the employment. If the employee, instead of attending to the business of the employer, at the time of the injury, was engaged upon some business of his own, or if the work done by him was outside the scope of his employment, and as a result of the performance of such outside duties, he was injured, then the employer is not responsible, for in the performance of such duties, the relation of employer and employee did not exist, since he was not employed to perform any such service. And not only is an employee himself precluded from recovering for an injury, where he had voluntarily abandoned the service of his employer and engaged himself upon some independent business, but his employer is not responsible for any injury that he may occasion other employees, while so engaged upon such outside business, for to render the employer liable for injuries caused by his employees, the act that caused the injury must have been done in the scope of the employee's duties for the employer." White's Personal Injuries on Railroads, § 227.

It remains to inquire whether the injury here suffered by the appellant was the result of a negligent act of a fellow employee committed while he was in the prosecution of the employer's business. Clearly it was not, and is not so claimed by the appellant. The liability is rested on the broad wording

of the statute, which, as we say, was not intended to cover negligent acts of an employee in no way connected with the business the prosecution of which he was employed to aid.

The judgment is affirmed.

CROW, C. J., PARKER, MOUNT, and MORRIS, JJ., concur.