BOYLE, Appellant, *v.* CHICAGO, MILWAUKEE & ST. PAUL RY. CO., Respondent.

(No. 4,406.)

(Submitted June 7, 1921.  Decided June 27, 1921.)

[199 Pac. 283.]

*Personal  Injuries—Complaint — Insufficiency — Amendment — Proper Denial.*

Personal Injuries—Complaint—Insufficiency.

1.  Complaint, in an action by a railway employee for injuries caused by the breaking of a lever used in the operation of semaphores, which, while averring that for a long time the lever had been cracked, defective and dangerous, that defendant negligently and carelessly permitted it to remain in such condition for a long period of time, and knew of such condition of the lever, or by the exercise of reasonable care and caution should have known thereof, *etc.,* failed to specify the time during which defendant had knowledge, or opportunity to know, of the defect in the lever, *held* fatally defective.

Same—Complaint—Sufficiency—How Tested—Exception Saved for All Purposes.

2.  The sufficiency of the complaint may be tested by demurrer and objection to the introduction of any evidence under it, and exceptions once saved to adverse rulings thereon are saved for all purposes.

454 Boyle *v.* Chicago etc. Ry. Co. [June T. '21

[60 Mont. 453.]

Same—Complaint—Insufficiency—Amendment—Proper Denial.
3. Where the attention of plaintiff in a personal injury action had been called to a fatal defect in her complaint by general demurrer, which was overruled, and by objection, at the commencement of the trial, to the introduction of any testimony on the ground of the insufficiency of the pleading to state a cause of action, also overruled, thus affording her ample opportunity to correct the defect, refusal to permit amendment at the close of all the testimony and after defendant had moved for a directed verdict on the same ground among others, was not an abuse of discretion.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

Action by Catherine Boyle against the Chicago, Milwaukee & St. Paul Railway Company. Judgment for defendant. From an order denying her a new trial, plaintiff appeals. Affirmed.

*Mr. Harry H. Parsons* and *Mr. Edward Horsky,* for Appellant, submitted a brief; *Mr. Horsky* argued the cause orally.

Until the motion for directed verdict, no argument had ever been made on the insufficiency of the complaint in support of the general demurrer, the general objection to the introduction of evidence, or the motion for nonsuit; and upon the argument in support of the directed verdict, for the first time the court's attention and that of opposing counsel was called to the case of *McEnaney* v. *Butte,* 43 Mont. 526, 117 Pac. 893, whereupon the court held that the complaint was insufficient in the averment "that said lever at said times, and for a long time prior thereto, was cracked, defective, weak and dangerous." Immediately after defendant's counsel presented his argument on the motion, appellant's counsel asked leave to amend to conform to the proof, which the court denied, and granted the motion for directed verdict. The court should have allowed the amendment to be made. (*Harrison* v. *Russell & Co.,* 17 Idaho, 196, 105 Pac. 48; *Merrill* v. *Miller,* 28 Mont. 134, at 145, 72 Pac. 423.) It is proper for the court to permit an amendment to the complaint after denial of a motion for nonsuit on plaintiff's evidence and before judgment, when no

hardship or surprise to defendant was shown and where no change of the issue resulted. (*Merrill* v. *Miller*, 28 Mont. 137, 72 Pac. 423.) The court will sanction the allowance of amendments with great liberality where they do not change the nature of the cause of action or mislead the adverse party to his prejudice. This is so even after the entry of judgment. (*Leggatt* v. *Palmer*, 39 Mont. 302, 102 Pac. 327.)

Cases holding that it was an abuse of discretion in the absence of any claim of surprise, or change of issues, and no specific objection to the introduction of the particular evidence to which it was sought to amend the complaint to conform to the proof, are: *Stevens* v. *Vermillion*, 102 Kan. 408, 170 Pac. 807; *Holler* v. *Aamodt*, 31 N. D. 11, 153 N. W. 465, 467; *Leaman* v. *Thompson*, 43 Wash. 579, 86 Pac. 926, 928; *Cullen* v. *Battle Island Paper Co.*, 124 App. Div. 113, 108 N. Y. Supp. 921; *Morrison* v. *Payton* (Ky.), 104 S. W. 685; *Binion* v. *Lyle*, 28 Okl. 430, 114 Pac. 618; *Doolittle* v. *McConnell*, 178 Cal. 697, 174 Pac. 305; *French* v. *State Farmers' Mut. Hail Ins. Co.*, 29 N. D. 426, L. R. A. 1915D, 766, 151 N. W. 7; *Cottong* v. *Zybell*, 179 Iowa, 1184, 162 N. W. 767. Under the circumstances of this case, and where, as here, the trial of the cause has proceeded to its close on the court's own theory and three prior rulings that the complaint was sufficient, the court should have conformed thereto and permitted the amendment in order that justice be done. (*Fisher* v. *Briscoe*, 10 Mont. 124, 25 Pac. 30; *Newell et al.* v. *Meyendorff*, 9 Mont. 254, 18 Am. St. Rep. 738, 8 L. R. A. 440, 32 Pac. 333; *Williams* v. *Hayes et al.*, 68 Wis. 248, 32 N. W. 44; *Territory* v. *Christensen*, 4 Dak. 410, 31 N. W. 847; *Bank of United States* v. *Moss*, 6 How. (U. S.) 31, 12 L. Ed. 331 [see, also, Rose's U. S. Notes]; *Hagan* v. *Lucus*, 10 Pet. 400, 9 L. Ed. 470; *Cameron* v. *M'Roberts*, 3 Wheat. 591, 4 L. Ed. 467; *Wise* v. *Frey*, 9 Neb. 217, 2 N. W. 375.)

Neither of the cases of *McEnaney* v. *City of Butte*, 43 Mont. 526, 117 Pac. 893, nor *Phillips* v. *Butte Jockey Club*, 46 Mont. 338, 42 L. R. A. (n. s.) 1176, 127 Pac. 1011, nor *Martin* v.

456      Boyle *v.* Chicago etc. Ry. Co.      [June T. '21

[60 Mont. 453.]

*Northern Pac. Ry. Co.,* 51 Mont. 31, 149 Pac. 89, cited by respondent below, are authority for the refusal of the court to permit the amendment of the complaint to conform to the proof, as this court's opinions and transcripts on appeal therein show. No doubt each of said cases holds, as do many others, that a directed verdict may properly be sustained on the ground that the complaint does not state a cause of action, but none of said cases holds that the complaint may not be amended to conform to the proof, which is the particular proposition here involved.

*Mr. W. L. Murphy* and *Messrs. Gunn, Rasch & Hall,* for Respondent, submitted a brief; *Mr. Carl Rasch* argued the cause orally.

That the complaint failed to state a cause of action under the law of *McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893, and *Phillips* v. *Butte Jockey Club,* 46 Mont. 338, 42 L. R. A. (n. s.) 1076, 127 Pac. 1011, is conceded. Had there been evidence to warrant the submission of the case upon the complaint amended as proposed, the amendment could not then have been allowed, as all the plaintiff's proof went in over the defendant's objection challenging the sufficiency of the complaint. That challenge was made and maintained at every stage throughout from the beginning to the end. It was made by demurrer, by objection to the introduction of any evidence, by motion for nonsuit, and by motion for a directed verdict, and it was stated and expressed in terms prescribed and authorized by the statute itself, to-wit: "In the language of the statute." (Rev. Codes, sec. 6535.) As in *Phillips* v. *Butte Jockey Club, supra,* and in *Ferrat* v. *Adamson,* 53 Mont. 172, 163 Pac. 112, so here, the objection was "saved for all purposes," and one of the purposes which it serves is to preclude an amendment of the pleading in the face of the objection. (*Audley* v. *Townsend,* 126 App. Div. 431, 110 N. Y. Supp. 575; *Guerin* v. *St. Paul etc. Ins. Co.,* 44 Minn. 20, 46 N. W. 138; *Maclaren* v. *Kramar,* 26 N. D. 244, 50 L. R. A.

(n. s.) 714, 144 N. W. 85; *Northwestern Thresher Co.* v. *McNinch,* 42 Okl. 155, 140 Pac. 1170; *United States* v. *Mullen Fuel Co.,* 118 Fed. 663.)

MR. COMMISSIONER JACKSON prepared the opinion of the court.

Appeal from an order denying a new trial. This action was for damages on account of personal injuries alleged to have been sustained by plaintiff while an employee of the defendant. In the course of her employment, it was her duty to move certain levers which governed the action of semaphores on the railroad line, and while moving one of them she alleged that by defendant's negligence it broke, and she was thrown to the floor, sustaining the alleged injuries.

Among other allegations, the complaint states: "That said [1] lever at said times, and for a long time prior thereto, was cracked, defective, weak, and dangerous; that defendant had negligently and carelessly neglected and omitted to responsibly inspect the condition of the same; that a reasonable inspection would have disclosed the said condition of the same; that defendant likewise negligently and carelessly failed and omitted to warn or give notice to plaintiff of its said condition, and likewise negligently and carelessly allowed and permitted the same to remain in said condition for a long period of time prior to the actual breaking thereof; that defendant knew of the said condition of said lever, or by the exercise of reasonable care and caution on its part would have known thereof, but that same was wholly unknown to and unsuspected by this plaintiff, and by the exercise of due care on her part could not have become known to or discovered by her."

A general demurrer was overruled. At the trial, before any testimony was given, defendant objected to the introduction of any evidence, basing its objection on the insufficiency of the complaint. The objection was overruled. Defendant's motion for a nonsuit on the ground that the complaint did not state facts sufficient to constitute a cause of action, and on the fur-

ther ground that the evidence did not show, nor tend to show, negligence on its part, was denied, and its motion for a directed verdict on the same grounds at the close of all of the testimony was granted. Judgment was entered for defendant on the verdict. Before the court had ruled on the latter motion, plaintiff sought leave to amend the complaint by making definite the time during which defendant knew, or should have known, of the defective mechanism. The motion was denied. Since the action of the court in this case in denying the motion for a new trial must be affirmed on the insufficiency of the complaint, it is not necessary to consider the evidence.

Under the settled law of this state the complaint is fatally defective, in that the time alleged during which defendant's knowledge of the defect in the lever, or opportunity to know, is not definite, and does not come within the requirements of section 6532, Revised Codes. "The allegation is but a conclusion which the pleader has left unaided by the statement of any specific fact to enable one to determine what the length of time was." (*McEnaney* v. *City of Butte,* 43 Mont. 526, 117 Pac. 893.) In fact, as to the sufficiency of the complaint, it seems conceded by plaintiff that it is defective, as all of the arguments and citations in the brief are addressed to the court's action in denying the application to amend.

The defendant protected its position by demurrer and ob-
[2]  jection to the introduction of any evidence under the complaint, in compliance with section 6535, Revised Codes, and as has been well stated in *Ecclesine* v. *Great Northern Ry. Co.,* 58 Mont. 470, 194 Pac. 143, citing *Ferrat* v. *Adamson,* 53 Mont. 172, 163 Pac. 112: "The sufficiency of the complaint may be tested by demurrer or by objection to the introduction of evidence. In either event, the adverse ruling is excepted to, and the exception, once saved, is saved for all purposes."

Had the evidence been received without objection, unques-
[3]  tionably it would have been the duty of the court to permit the amendment. But since all of plaintiff's testimony was admitted over defendant's objection, its exception to the court's

ruling placed defendant in such a position that, so far as it was concerned, under a fatally defective complaint, the evidence introduced cannot be considered.

No human agency is infallible, and if the trial judge had mistakenly overruled the demurrer and the objection to the introduction of any testimony, and had likewise denied the motion for a nonsuit, he was not bound thereby to continue his mistake and deny the motion for a directed verdict, when the error of his previous rulings became apparent.

If plaintiff had been permitted to amend, and the record does not show the amendment was offered to conform to all or any of the proof, what could be the sense or good judgment in the position of the defendant in establishing a right by demurrer or objection? It would be simply a work of supererogation.

The cases cited by plaintiff are not to the point in the instant case, and go mainly toward the discretionary power of the trial court to permit amendments in the furtherance of substantial justice. Has plaintiff been denied a substantial right in this case? We think not. She entered the courts on nothing, namely, a defective complaint. The defect was pointed out by demurrer and objection, and she had ample opportunity to correct it. Since she did not do so, and since the defendant stood on the right that its attitude during the litigation gave it, plaintiff cannot complain. The court did not abuse its discretion in denying the application to amend.

All the well-settled law of the land is in accord with defendant's position in matters that parallel this action.

"A motion, after the close of the evidence, to conform the pleadings to the proof, can never be granted where the admission of the evidence was properly objected to when it was offered." (*North Western Thresher Co.* v. *McNinch,* 42 Okl. 158, 140 Pac. 1170, and cases there cited.)

"The right to amend a pleading so as to make it conform to the proof proceeds upon the theory that it presented the issues sought to be established by the evidence introduced and

admitted without objection, but that some material allegation had been inadvertently omitted therefrom. In such cases it is the duty of the court, after the evidence upon the supposed issue has been introduced without objection, to permit the amendment; but, when objection has been made to its introduction, the court has no authority to allow such amendment, as this would have a tendency to invert the orderly mode of trial prescribed by statute, and lead to the practice of settling issues after, instead of before, trial, thereby returning to primitive methods. The plaintiff having made objection to the introduction of this evidence, there was no abuse of discretion in denying leave to the defendant to file its amended answer." (*Mendenhall* v. *Harrisburg Water Power Co.*, 27 Or. 38, 39 Pac. 399.)

For the reasons stated, we recommend that the order appealed from be affirmed.

PER CURIAM: For the reasons given in the foregoing opinion, it is ordered that the order appealed from be affirmed.

*Affirmed.*

