# DAVIS, DIRECTOR GENERAL OF RAILROADS, AND AGENT UNDER SECTION 206 OF TRANSPORTATION ACT OF 1920, *v.* GREEN, ADMINISTRATRIX OF GREEN.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF MISSISSIPPI.

No. 132. Argued November 28, 1922.—Decided December 4, 1922.

1. A railroad company is not liable under the Federal Employers' Liability Act for an injury inflicted by the wanton, wilful act of an employee, out of the course of his employment. P. 351.

2. Where the case was tried upon the warranted assumption that the parties were engaged in interstate commerce at the time of the injury, the defendant cannot be deprived on review of rights under the federal act upon the ground that such employment was not adequately proved. P. 352.

125 Miss. 476, reversed.

CERTIORARI to a judgment of the Supreme Court of Mississippi, affirming, with a reduction, a judgment recovered by the present respondent in a consolidated action for the death of her husband.

*Mr. T. J. Wills* for petitioner.

*Mr. J. W. Cassedy,* with whom *Mr. E. L. Dent* was on the brief, for respondent.

Mr. Justice Holmes delivered the opinion of the Court.

This is an action made up of the consolidation of two suits, both brought to make the plaintiff in error liable for what is alleged to have been the wilful and wanton killing of Jesse Green, a conductor on the line of the Gulf & Ship Island Railroad Company, by one McLendon, an engineer. The first suit, although alleging that the railroad was a common carrier both intra and interstate, may be taken to have been brought under the state law. It was brought by the widow of Green on her own behalf and his children by her as next friend. To this the defendant pleaded in bar among other things that the plaintiffs ought not to have their action because at the time and place the parties were engaged in interstate commerce in this that the defendant and the employees named were engaged in transporting articles of commerce from and to foreign States. The second suit was brought three months later by the widow as administratrix and was intended to state a cause of action under either the law of the State or the act of Congress as the facts should turn out. To this also there was a plea in the words that we have quoted in abridged form. The plaintiff replied denying that she ought not to have her action because at the time and place of the said injury the defendant and the deceased were engaged in interstate commerce in this that, &c., following the words of the plea. This was a plain case of what in the old pleading was called a negative pregnant; it admitted the fact and only denied the conclusion. Very probably it was intended to deny the fact, as this mode of traversing a paragraph as a whole is very

common in the present careless ways, but it did not deny. it in legal effect. Directly after the second suit was brought, the principal plaintiff was allowed to change the first to a suit by herself as administratrix and the two suits were consolidated on her motion. As the replication that we have mentioned seems to have been filed after the consolidation, perhaps it was regarded as going to the plea in both suits. Otherwise that in the first suit does not appear to have been put in issue. At the trial the judge ruled that the parties were engaged in interstate commerce, without objection so far as the record shows, but refused, subject to exception, to direct a verdict for the defendant. The plaintiff had a verdict and judgment for $35,000, and the case then was taken to the Supreme Court.

The Supreme Court sustained the judgment, although it held that the case was governed by state law. It held that on the general principle of liability the act of Congress and the law of the State agreed. It held, however, that there were important differences between the two laws with regard to the measure of damages and otherwise, and that as the case was tried under the act of Congress, and as on the evidence the highest amount that could have been recovered under the federal act was $16,000, the plaintiff must remit all above that amount if she would retain her judgment, although under the state law she could have recovered more.

The ground on which the Railroad Company was held was that it had negligently employed a dangerous man with notice of his characteristics, and that the killing occurred in the course of the engineer's employment. But neither allegations nor proof present the killing as done to further the master's business, or as anything but a wanton and wilful act done to satisfy the temper or spite of the engineer. Whatever may be the law of Mississippi, a railroad company is not liable for such an act under

the statutes of the United States. The only sense in which the engineer was acting in the course of his employment was that he had received an order from Green which it was his duty to obey—in other words that he did a wilful act wholly outside the scope of his employment while his employment was going on. We see nothing in the evidence that would justify a verdict unless the doctrine of *respondeat superior* applies.

As we understand the opinion of the Supreme Court of Mississippi, it based its decision in part upon the assumption that liability for the engineer's act was imposed upon the defendant by both laws, and this assumption would be a sufficient ground for reversing the judgment. But we should come to the same conclusion even if our understanding were shown to be wrong. As the record stands, it appears to us that the case was tried upon the warranted supposition that there was no serious controversy as to the parties having been engaged in interstate commerce, and for that reason the defendant paid but slight attention to proving the fact. It seems at least not improbable that the parties were so engaged. In such circumstances the defendant is not to be deprived of its rights under the law of the United States by a decision that the fact now questioned was not adequately proved. On such matters we must judge for ourselves. If there is a new trial, probably the plaintiff will be allowed to dispute the character of the employment, if she is so advised. See *Bowen* v. *Illinois Central R. R. Co.,* 136 Fed. 306.

*Judgment reversed.*