## ATLANTIC COAST LINE RAILROAD COMPANY *v.* SOUTHWELL, ADMINISTRATRIX.

### CERTIORARI TO THE SUPREME COURT OF THE STATE OF NORTH CAROLINA.

No. 41.   Argued October 18, 1927.—Decided October 31, 1927.

Assuming that a railroad company could be held liable under the Federal Employers Liability Act for the wilful killing of one of its employees by another, if it resulted from the negligent failure of their superior officer to foresee the danger and prevent it, the charge of such negligence is not borne out by the evidence in this case. P. 65.

191 N. C. 153, reversed.

CERTIORARI, 271 U. S. 654, to a judgment of the Supreme Court of North Carolina sustaining a recovery by the widow and administratrix of a deceased employee from the Railroad in an action based on the Federal Employers Liability Act.

*Mr. Thomas W. Davis,* with whom *Messrs. J. O. Carr* and *V. E. Phelps* were on the brief, for petitioner.

*Mr. J. Bayard Clark,* with whom *Messrs. Robert H. Dye, L. Clayton Grant,* and *C. D. Weeks* were on the brief, for respondent.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an action brought against the petitioner by the administratrix and widow of one of the petitioner's em-

ployees, for the death of her husband by a murder which
it is alleged that the petitioner " with gross negligence wil-
fully and wantonly caused, permitted and allowed."    In
view of the decision in *Davis* v. *Green,* 260 U. S. 349, the
plaintiff did not attempt to hold the petitioner liable as
principal in the act, but relied upon its failure to prevent
the death.   The Supreme Court of North Carolina upheld
a judgment for the plaintiff.   191 N. C. 153.   It is admit-
ted that the action is based upon the Federal Employers
Liability Act of April 22, 1908, c. 149, § 2; 35 Stat. 65, and
the question is whether there was any evidence that the
death resulted in whole or in part from the negligence of
any officer of the petitioning road, under the law as ap-
plied by this Court.   *New Orleans & Northeastern R. R.
Co.* v. *Harris,* 247 U. S. 367, 371.

It would be straining the language of the act somewhat
to say in any case that a wilful homicide " resulted " from
the failure of some superior officer to foresee the danger
and to prevent it.   In this case at all events we are of
opinion that there was no evidence that warrants such a
judgment.   It is not necessary to state the facts in detail.
Those mainly relied upon are that Fonvielle, the general
yard master, knew that Southwell, the man who was killed,
on previous occasions had used threatening language to
Dallas, who shot Southwell; that Fonvielle knew or ought
to have known that they were likely to meet when they
did; that Fonvielle was with Dallas, his subordinate, just
before that moment and that Dallas said to him " Cap,
all I want to do is to ask Southwell to lay off of me and
let me alone," and that Fonville said that he must not
see Southwell, that if he saw him and talked to him it
might bring about unpleasant consequences; that Fon-
vielle left Dallas and after having gone a short distance
saw him and Southwell approaching each other and had
taken a few steps towards them with a view to separate
them in case of an altercation, but that before he had

time to reach them the shot was fired. Fonvielle knew that Dallas had a pistol, but there was a strike at the time; Dallas was a special policeman and had a right to carry it, and not unnaturally did. The only sinister designs, of which there is any evidence, were of Southwell against Dallas, unless Dallas' remark just before the shooting be taken to foreshadow the event, which it certainly did not seem to until after the event had happened. It appears to us extravagant to hold the petitioner liable in a case like this. See *St. Louis-San Francisco Ry. Co.* v. *Mills,* 271 U. S. 344.

*Judgment reversed.*