SHEAF v. MINNEAPOLIS, ST. P. & S. S. M. R. CO. et al.

No. 13488.

Circuit Court of Appeals, Eighth Circuit.

June 18, 1947.

P. W. Lanier, of Fargo, N. D. (P. W. Lanier, Jr., of Fargo, N. D., on the brief), for appellant.

Fordyce W. Crouch, of Minneapolis, Minn. (John F. Sullivan, of Mandan, N.D., and James L. Hetland, of Minneapolis, Minn., on the brief) for appellee Railroad Company.

L. W. Rulien, of Thief River Falls, Minn. (H. O. Chommie, of Thief River Falls, Minn., on the brief), for appellee C. Johnson.

Before GARDNER, WOODROUGH, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

The appellant, Carl Sheaf, a railroad conductor, brought this action under the Federal Employers' Liability Act, 45 U.S.C.A. § 51, against the defendant railroad company and C. Johnson, a railroad engineer, for damages for personal injuries sustained by the plaintiff as a result of an alleged unprovoked attack made upon him by Johnson in the yards of the company at the town of Balta, North Dakota, on May 31, 1946. At the time of the injury complained of both Sheaf and Johnson were employed by the company in the operation of a train in interstate commerce.

The pertinent provision of the Federal Employers' Liability Act upon which the suit is based reads:

"Every common carrier by railroad while engaging in commerce between any of the several States * * * shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce * * * for such injury * * * resulting in whole or in part from the negligence of any of the officers, agents, or employes of such carrier * * *."

The railroad company moved to dismiss the action on the ground that the complaint fails to state a claim against it upon which relief can be granted. Johnson moved for a dismissal upon the pleadings on the same ground. Sheaf then asked leave to amend his complaint by alleging diversity of citizenship of the parties.

The court sustained the motion of the railroad company and dismissed the action against the company. The motion of Johnson to dismiss was also granted with leave to the plaintiff to amend his complaint within twenty days. This appeal was taken without the filing of an amendment to the complaint.

The plaintiff contends that the court erred in dismissing the complaint as to both defendants in that

1. The complaint alleged a cause of action under the doctrine of respondeat superior;

2. The complaint alleged a cause of action upon the theory of negligence upon the part of the railroad company both in employing the engineer Johnson with knowledge of his vicious propensities and by ratification of his acts of violence; and

3. The complaint alleged a cause of action against both defendants because Johnson by his assault upon the plaintiff violated a rule of the company and his act was ratified by the failure of the company to discharge him.

We shall first consider the judgment dismissing the complaint against the defendant Johnson. Since the suit was brought specifically under the Federal Employers' Liability Act, clearly the court did not err in this particular. Diversity of citizenship was not alleged. Johnson was not alleged to be either an employer of the plaintiff or a common carrier. The Act creates no right of action by an employee of a common carrier against his fellow servant. The complaint asserted but one right of recovery for the injury and recovery can not be had under that alleged right because the Act is not applicable and the court was, therefore, without jurisdiction to grant the relief demanded against Johnson. Plaintiff might have amended his complaint, pleaded the necessary jurisdictional facts and sustained his action under the common or statute law of the state, but in the absence of such an amendment the court properly granted Johnson's motion to dismiss. Wabash Railroad Company v. Hayes 234 U.S. 86, 34 S.Ct. 729, 58 L.Ed. 1226; Second Employers' Liability Cases, (Mondou v. New York, New Haven & Hartford R. Co.) 223 U.S. 1, 32 S.Ct. 169, 56 L.Ed. 327, 38 L.R.A., N.S., 44.

We next consider the action of the court in dismissing the complaint against the defendant railroad company.

The question presented here is whether the facts alleged in the complaint and admitted by the railroad company's motion to dismiss are sufficient to establish liability of the company under the statute.

After specifying that the case is brought under the Federal Employers' Liability Act and stating that plaintiff had been employed by the company for many years as a conductor in the operation of trains in interstate commerce, the complaint alleged that about 8:30 A. M. on May 31, 1946, plaintiff was the conductor in charge of a train operating in interstate commerce by the defendant company on which the defendant Johnson was employed as engineer. The train had stopped at Balta, North Dakota, under orders to take on stock. As plaintiff Sheaf was passing by the engine on the left side of the train, Johnson came from his side of the train and asked what the delay was about. Sheaf replied that Johnson knew as much as he did. As Sheaf turned to go back toward the depot he heard Johnson say something about tying up at Orrin. He could not hear exactly what Johnson said because he was a little hard of hearing, so he said to Johnson, "Come down here and I can talk to you." To which Johnson replied: "You goddam right I'll come down." Johnson then appearing to be mad got down from the engine, ran and grabbed Sheaf and threw him to the ground causing serious personal injuries for which damages are sought in this suit. The assault was made, the complaint alleged, without provocation while Johnson was acting within the scope of his employment by the defendant company.

The assault upon Sheaf was made by Johnson in violation of Rule 702 of the defendant company's Code of Operating Rules which provides that "Employees are pro-

hibited from entering into altercation with any person" and that "Employees who are * * * quarrelsome or otherwise vicious * * * shall not be retained in the service."

Johnson, it was alleged, had been a quarrelsome and vicious person for many years prior to the assault on plaintiff, all of which was known to the railroad company, or which by the exercise of ordinary care should have been known to it. That since the assault the company has ratified the acts of Johnson by retaining him in its service. His employment under the circumstances constituted negligence.

■ Upon motion by a defendant for the dismissal of a complaint for failure to state a claim upon which relief can be granted, it is the duty of the court to enter judgment forthwith when it appears that the moving party is entitled to a judgment as a matter of law. Rules 12 and 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

■ Here no genuine issue of negligence is stated in the complaint such as is necessary to preclude a summary judgment for the railroad company. Under the Employers' Liability Act "Liability arises from negligence not from injury * * *. And that negligence must be the cause of the injury." Ellis v. Union Pacific R. Co., 329 U. S. 649, 653, 67 S.Ct. 598; Brady v. Southern Ry. Co., 320 U.S. 476, 484, 64 S.Ct. 232, 236, 88 L.Ed. 239; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 67, 63 S.Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967. The burden is upon the plaintiff to allege and prove that the negligence of the employer was "in whole or in part" the cause of the injury complained of. Ellis v. Union Pacific R. Co., supra; New York Central Railroad Company v. Ambrose, 280 U.S. 486, 489, 50 S.Ct. 198, 74 L.Ed. 562.

■ Under this Act "the employer's liability is to be determined under the general rule which defines negligence as the lack of due care under the circumstances; or the failure to do what a reasonable and prudent man would ordinarily have done under the circumstances of the situation; or doing what such a person under the existing circumstances would not have

done." Tiller v. Atlantic Coast Line R. Co., supra, at page 67, of 318 U.S., at page 451 of 63 S.Ct., 87 L.Ed. 610, 143 A.L.R. 967; Keith v. Wheeling & L. E. Ry. Co., 6 Cir., 160 F.2d 654, 657.

■ Where, as in this case, an employee of a railroad company is injured by an unprovoked assault of a fellow servant, even though such an assault may be considered negligence rather than a trespass, the employer is not liable unless the aggressor was at the time of the assault acting within the scope of his employment. In the case of Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 124, 67 L.Ed. 299, a judgment was recovered in the state court of Mississippi by the widow of Jesse Green, a conductor on the Gulf & Ship Island Railroad Company, and affirmed by the Supreme Court of the state, for the wanton and willful killing of her husband by one McLendon, the engineer, when the parties were engaged in interstate commerce. Upon appeal to the Supreme Court of the United States the judgment was reversed, and Mr. Justice Holmes, speaking for the court, said:

"The ground on which the Railroad Company was held was that it had negligently employed a dangerous man with notice of his characteristics, and that the killing occurred in the course of the engineer's employment. But neither allegations nor proof present the killing as done to further the master's business or as anything but a wanton and wilful act done to satisfy the temper or spite of the engineer. Whatever may be the law of Mississippi a railroad company is not liable for such an act under the statutes of the United States. The only sense in which the engineer was acting in the course of his employment was that he had received an order from Green which it was his duty to obey—in other words that he did a wilful act wholly outside the scope of his employment while his employment was going on."

So in the instant case the unprovoked attack of Johnson upon the plaintiff occurred while they were both employed by the defendant railroad company, but the attack was in no way intended to further the business of the company and was not within the scope of Johnson's employment. The

114

decision of the Supreme Court in the case of Atlantic Coast Line R. R. Company v. Southwell, 275 U.S. 64, 48 S.Ct. 25, 72 L.Ed. 157, applies the same principle to similar facts; and neither of these cases has since been expressly overruled by the Supreme Court.

The appellant argues, however, that the Davis and Southwell cases, supra, have been overruled in effect by a more liberal construction of the Act by the Supreme Court and the Courts of Appeal in such cases as Jamison v. Encarnacion, 281 U.S. 635, 50 S. Ct. 440, 74 L.Ed. 1082; Baltimore & Philadelphia Steamboat Company v. Norton, 284 U.S. 408, 52 S.Ct. 187, 76 L.Ed. 366; and Koehler v. Presque-Isle Transportation Co., 2 Cir., 141 F.2d 490.

These cases are all distinguishable from the Davis and Southwell and other like cases in that they arose among seamen employed on vessels operating upon navigable waters. In such cases the duties of the employer to its employees are different, giving rise to a broader or more liberal construction of the statutes applicable. This fact was pointed out by Mr. Justice Stone in Socony-Vacuum Oil Co. v. Smith, 305 U.S. 424, 430, 431, 59 S.Ct. 262, 266, 83 L.Ed. 265, wherein he said:

"The seaman, while on his vessel, is subject to the rigorous discipline of the sea and has little opportunity to appeal to the protection from abuse of power which the law makes readily available to the landsman. His complaints to superior officers of unsafe working conditions not infrequently provoke harsh treatment * * *. Withal, seamen are the wards of the admiralty, whose traditional policy it has been to avoid, within reasonable limits, the application of rules of the common law which would affect them harshly because of the special circumstances attending their calling. (Citations) It is for this reason that remedial legislation for the benefit and protection of seamen has been liberally construed to attain that end."

In the Jamison case, supra, relied upon by appellant, the foreman of a crew loading a barge lying at Brooklyn in the navigable waters of the United States struck Jamison, a member of the crew, without provocation and to hurry him about the work, injuring

him seriously. The evidence showed that the foreman was authorized by the employer to direct the crew and to keep them at work. The court held under these circumstances that the assault was committed by the foreman in the course of the discharge of his duties and in furtherance of the work of the employer's business.

The Norton case, supra, relied upon by the plaintiff as bearing upon the proper construction of the Act, involved only a dispute in regard to the proper award of compensation to a seaman for an injured arm made by the deputy commissioner under the Longshoremen's and Harbor Workers' Act of 1927, 33 U.S.C.A. § 901 et seq. Under the Act involved the amount of compensation was graded according to the nature of the injury and payment was required whether the injury occurred with or without fault of the employer. The decision has no relevance to the present case.

The Koehler case, supra [2 Cir., 141 F.2d 492], is also relied upon by the plaintiff. The action there was brought under the Jones Act, 46 U.S.C.A. § 688, by Koehler who suffered injuries while he was employed as a wheelsman on a ship engaged in traffic on the Great Lakes. The assault which resulted in the injuries complained of was made without provocation by one Todd, a fellow-seaman, on board the ship in the presence of an officer of the ship. The aggressor was shown to be a man of a vicious and belligerent nature and likely to inflict bodily harm upon other members of the crew which fact was known to the officers of the ship. The court held that the term "negligence" as used in the Jones Act includes any knowing or careless breach of any obligation which the employer owes to the seamen, and that among these obligations is the obligation of seeing to the safety of the crew. The case was distinguished from the Davis and Southwell cases, supra, on the ground that "the obligation of a shipowner to his seamen is substantially greater than that of an ordinary employer to his employees." The present case can not be so distinguished from the Davis and Southwell cases. We are not dealing here with seamen but with railroad employees engaged in service on land under the Federal Employers' Liability Act. There can be no negligence in the absence of a duty;

and under the Act involved in the instant case no duty rested upon the defendant company to protect Sheaf against the assault made upon him by Johnson. The test of the master's liability for a fellow servant's act is the fellow servant's purpose to further the master's business. Otherwise the act was not committed in the discharge of his duties and was not within the scope of his employment. The complaint here stated no fact from which an inference of negligence on the part of the railroad company could be drawn.

Finally, appellant contends that the railroad company has ratified and approved the act of Johnson in attacking plaintiff by retaining him in its service notwithstanding his violation of Rule 702 of the company which provided that "Employees are prohibited from entering into altercation with any person regardless of provocation." The application of this allegation of the complaint is not discussed in the brief, and we fail to appreciate its significance. In making the unprovoked assault upon Sheaf, Johnson did not assume to be acting for or on behalf of the company and the company is not charged with having received any benefit from the assault. Since it is charged that the plaintiff was disabled so that he could not perform his duties as conductor, Johnson's action was a disservice to the company. We find no element of ratification in the facts pleaded. Had the act been within the scope of Johnson's duties, a different inference might have been reasonable.

The judgment appealed from is affirmed.