HOYT v. THOMPSON.

No. 9760.

United States Court of Appeals
Seventh Circuit.

May 2, 1949.

Sol Andrews, of Chicago, Ill., for appellant.

J. Arthur Miller, Edgar Vanneman, Jr., and Campbell, Clark & Miller, all of Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, KERNER and DUFFY, Circuit Judges.

PER CURIAM.

Plaintiff brought this action under the Federal Employers' Liability Act, 45 U.S. C.A. § 51, to recover damages for injuries sustained by her husband while an employee of the defendant, which injuries allegedly resulted in his death. On defendant's motion, the lower court on November 3, 1948 dismissed the complaint for failure to state a cause of action, and the instant appeal is from such order.

As to the manner in which the injuries were sustained, the complaint alleges:

"Two other employees of defendant were attempting to gain possesion of a bar of soap provided by defendant for his employees' use at said premises and engaged in wrestling and scuffling about and in an altercation for the possession of said bar of soap and the use of said wash basin. While they were so engaged in scuffling about for the use of said wash basin they approached the wash basin where plaintiff's decedent was at in the act of washing and unnoticed to plaintiff's decedent suddenly and without warning one of the other said employees swung around in such a manner as to strike plaintiff's decedent very sharply and violently with great force with his elbow on plaintiff's decedent's jaw causing plaintiff's decedent to sustain serious injuries."

While other questions were raised by defendant's motion to dismiss, we think that the only one necessary for decision is whether defendant is liable for injuries sustained by the decedent at the hands of fellow employees as a result of their engagement in "wrestling and scuffling." The answer to this question depends upon whether such employees while so engaged were acting in the furtherance of the defendant's business.

No good purpose could be served in an attempt to discuss or analyze the authorities relied upon by the plaintiff. We have examined them and think they are not in point. We agree with the lower court that no cause of action was stated. Cf. Davis v. Green, 260 U.S. 349, 43 S.Ct. 123, 67 L. Ed. 299; Sheaf v. Minneapolis St. P. & S. S. M. Ry. Co., 8 Cir., 162 F.2d 110; Reeve v. Northern Pac. Ry. Co., 82 Wash. 268, 144 P. 63, L.R.A. 1915C, 37.

The order appealed from is Affirmed.