PAUL AMANN, Plaintiff and Appellant, v. NORTHERN
PACIFIC RAILWAY COMPANY and C. L. BUETTNER,
Defendants and Respondents.
No. 9286.
Submitted June 27, 1955. Decided December 8, 1955.
Rehearing Denied February 6, 1956.
292 Pac. (2d) 753.

Berg and Pfohl, Livingston, Doepker and Hennessey, Butte,
for appellant.

Coleman, Jameson and Lamey, Billings, for respondents.

Mr. B. E. Berg, Jr., Mr. M. J. Doepker and Mr. Cale John
Crowley argued orally.

MR. CHIEF JUSTICE ADAIR:

Appeal from a judgment on the pleadings given and entered for the defendant railway company in a tort action brought against it and one C. L. Buettner by the plaintiff Paul Amann, wherein he seeks to recover both actual and exemplary damages for injuries sustained by plaintiff in a fight with Buettner occurring on December 1, 1948, at a time when plaintiff was shop foreman and Buettner a repairman in the defendant Northern Pacific Railway Company's repair shop at Livingston, Montana.

The pleadings herein are: (1) The complaint; (2) the defendant railway company's general demurrer thereto; (3) the defendant railway's separate answer to the complaint; (4) the plaintiff's reply to the railway's answer and (5) the defendant railway's motion for judgment on the pleadings.

The complaint alleges that immediately following the fight the defendant railway company was furnished a full report and notice of all the facts and circumstances under which the injuries to plaintiff were inflicted and that thereafter and at all times since it has retained the said C. L. Buettner in its employ and has fully ratified the action of the said employee in the infliction of said injuries on and to plaintiff.

By its separate answer the defendant interstate railway company admits (1) the employment of both Buettner and the plaintiff Amann, (2) the fight between the two, (3) the railway's ensuing investigation thereof and its decision to retain Buettner in its employ and to discharge the plaintiff Amann therefrom and for a separate affirmative defense and by way of new matter the defendant railway company pleads and sets forth the provisions of the Federal Employer's Liability Act, 45 U.S.C.A. section 51, alleging such Act to have been in full force and effect on December 1, 1948, when the fight occurred.

By his reply the plaintiff admits that the Federal Employers' Liability Act was in full force and effect on the day of the fight.

Thereafter on due notice to plaintiff the defendant railway

company interposed a motion for judgment on the pleadings which motion the trial court granted following which it gave and caused to be entered its judgment that plaintiff take nothing by his action against the defendant railway company. Plaintiff's appeal is from that judgment.

The liability of the defendant railway company is to be determined [1] and measured by the provisions of the Federal Employers' Liability Act 45 U.S.C.A., section 51. In other words any recovery in his action must be had under the provisions of the Federal Employers' Act as it has been construed by the federal courts.

In Young v. New York Central R. Co., 88 Ohio App. ·352, 88 N. E. (2d) 220, 223, certiorari denied 339 U.S. 986, 70 S. Ct. 1008, 94 L.Ed., 1388, it appears that one railway employee had assaulted another railway employee while both were on duty for the railway. In affirming a judgment for the railway entered upon a directed verdict the Ohio Court said: "Cases involving circumstances similar to those of the instant case have heretofore been considered and decided by the Federal Courts and the interpretation placed upon the Federal Employers' Liability Act by such decisions must be followed by this court in the instant case insofar as they are applicable.

"In the case of Davis v. Green, 260 U.S. 349, 43 S. Ct. 123, 124, 67 L. Ed. 299, the Supreme Court of the United States reversed [a judgment of] the Supreme Court of Mississippi, Hines v. Green, 125 Miss. 476, 87 So. 649, which had affirmed the lower court decision holding the railroad company liable where an employee who was a conductor, had been killed by an engineer, a fellow employee of decedent, where the evidence disclosed that the company had employed a dangerous man with notice of his dangerous propensities.

"Mr. Justice Holmes, speaking for. the court said: 'The ground on which the Railroad Company was held was that it had negligently employed a dangerous man with notice of his characteristics, and that the killing occurred in the course of the engineer's employment. But neither allegations nor proof

present the killing as done to further the master's business or as anything but a wanton and wilful act done to satisfy the temper or spite of the engineer. Whatever may be the law of Mississippi a railroad company is not liable for such an act under the statutes of the United States.'

"To the same effect is the later decision of the United States Supreme Court in the case of Atlantic Coast Line Railroad Co. v. Southwell, 275 U.S. 64, 48 S. Ct. 25, 72 L. Ed. 157, which involved similar facts.

"The following cases follow the same reasoning: St. Louis-San Francisco Railroad Co. v. Mills, 1926, 271 U.S. 344, 46 S.Ct. 520, 70 L. Ed. 979; Atlanta & Charlotte Air Line Railroad Co. v. Green, 1929, 279 U.S. 821, 49 S. Ct. 350, 73 L. Ed. 976, reversing per curiam 151 S.C. 1, 148 S.E. 633."

In Atlantic Coast Line R. Co. v. Southwell, 275 U.S. 64, 48 S. Ct. 25, 72 L. Ed. 157, the Supreme Court of the United States reversed a decision of the Supreme Court of North Carolina, 191 N. C. 153, 131 S. E. 670, affirming a judgment for the plaintiff in a tort action wherein it appeared that one railway employee shot and killed another employee of such railway while both were on the job and between whom there was ill will which fact was then known to the railway's superintendent. There the United States Supreme Court followed Davis v. Green, 260 U.S. 349, 43 S. Ct. 123, 67 L. Ed. 299, from which it quoted in Young v. New York Central R. Co., supra.

In the instant appeal plaintiff's counsel contend that Davis v. Green, supra, and Atlantic Coast Line R. Co. v. Southwell, supra, were, in effect, reversed by the later case of Lillie v. Thompson, 332 U.S. 459, 68 S. Ct. 140, 92 L. Ed. 73, decided November 27, 1947, but, as is shown above, both the Green case and the Southwell case were cited and followed in the more recent case of Young v. New York Central R. Co., supra, wherein the plaintiff's petition for certiorari was denied by the United States Supreme Court on June 5, 1950.

In the Young case, 88 Ohio App. at page 358, 88 N.E. (2d) at page 223, the Ohio court clearly distinguished the case of

Lillie v. Thompson, supra, and it is quite manifest that had the latter decision reversed the Green case and the Southwell case as is here claimed by plaintiff, the United States Supreme Court would not have denied the plaintiff's petition for a writ of certiorari in the Young case, based as it was on substantially the same facts as well as the same federal statute.

In Sheaf v. Minneaspolis, St. P. & S. S. M. R. Co., 8 Cir., 162 F. (2d) 110, 113, the court dismissed the complaint on issues quite similar to those involved in the instant appeal. It there appeared that the plaintiff Sheaf, the conductor on a train, was assaulted by Johnson who was the engineer on the same train. There the federal court said: "Johnson, it was alleged, had been a quarrelsome and vicious person for many years prior to the assault on plaintiff, all of which was known to the railroad company, or which by the exercise of ordinary care should have been known to it. That since the assault the company has ratified the acts of Johnson by retaining him in its service. His employment under the circumstances constituted negligence."

In holding the complaint insufficient the court said: "Where, as in this case, an employee of a railroad company is injured by an unprovoked assault of a fellow servant, even though such an assault may be considered negligence rather than a trespass, the employer is not liable unless the aggressor was at the time of the assault acting within the scope of his employment. In the case of Davis v. Green [citing and quoting from Davis v. Green, 260 U.S. 349, 43 S. Ct. 123, 67 L. Ed. 299].

"So in the instant case the unprovoked attack of Johnson upon the plaintiff occurred while they were both employed by the defendant railroad company, but the attack was in no way intended to further the business of the company and was not within the scope of Johnson's employment. The decision of the Supreme Court in the case of Atlantic Coast Line R. Co. v. Southwell, 275 U.S. 64, 48 S. Ct. 25, 72 L. Ed. 157, applies the same principle to similar facts; and neither of these cases has since been expressly overruled by the Supreme Court.

16

The above case is cited and followed upon similar facts and the construction of the same statute in the following cases decided from 1949 to 1950 all citing and relying upon the cases of Davis v. Green and Atlantic Coast Line R. Co., v. Southwell, supra, namely, Hoyt v. Thompson, 7 Cir., 174 F. (2d) 284, 285; Smith v. Lehigh Valley R. Co., 2 Cir., 174 F. (2d) 592, 594; Lavender v. Illinois Central R. Co., 358 Mo. 1160, 219 S. W. (2d) 353, 358, certiorari denied in 338 U.S. 822, 70 S. Ct. 67, 94 L. Ed. 499. See also Reeve v. Northern Pac. Ry. Co, 82 Wash. 268, 144 Pac. 63, L.R.A. 1915C, 37; and Blunk v. Atchison, T. & S. F. Ry. Co., 97 Cal. App. (2d) 229, 217 Pac. (2d) 494, 497; Lanners v. Atchison, T. & S. F. Ry. Co., 344 Ill. App. 123, 99 N.E. (2d) 705; Bocian v. Union Pac. R. Co., 137 Neb. 318, 289 N.W. 372 also cites and follows the case of Davis v. Green, supra.

There is a clear distinction between the cases construing the Federal Employers' Liability Act, Title 45 U.S.C.A. section 51, and the cases cited by the plaintiff construing the Jones Act relating to vessels at sea, 46 U.S.C.A. section 688, which distinction is pointed out in Young v. New York Central R. Co., 88 N.E. (2d) 220, at page 225, in Lykes Bros. S. S. Co. v. Grubaugh, 5 Cir., 128 F. (2d) 387, 391, and in Sheaf v. Minneapolis, St. P. & S. S. M. R. Co., supra.

The case at bar involves the construction of a particular federal statute and this court is bound by the decisions of the United States Supreme Court in construing such statute. See Texas & P. Ry. Co. v. Younger, Tex. Civ. App. 262 S.W. (2d) 557; Chesapeake & O. Ry. Co. v. Stapleton, 279 U.S. 587, 49 S. Ct. 442, 73 L. Ed. 861.

The pleadings in the case at bar do not show that the defendant Buettner, in engaging in the fight, was carrying out his assigned duties or that he was then engaged in the performance of any task that he was employed to perform.

The complaint merely alleges that Buettner was employed as a relay repairman in the relay shop of the defendant railroad and that at the time of the fight here involved he was

acting in the course of his employment. There is no allegation tending to plead that engaging in the fight was a part of Buettner's duties as a repairman in the railway's shop.

The complaint alleges that the defendant railway was furnished a full report and notice of all the facts and circumstances under which the injuries were inflicted and while it alleges that Buettner was not fired as a result of the fight it wholly fails to allege that plaintiff was fired as a result of such fight.

In its answer the railway company admits that a hearing was had at which plaintiff and Buettner were allowed to produce any witnesses or testimony desired and that the railway company received a full report and notice of all facts concerning said fight, and it further alleges that as a result of said hearing plaintiff was discharged and Buettner retained. Such allegations apparently are not denied in plaintiff's reply which particularly addresses itself to the allegations of that portion of the railway's answer following the designation "For a separate affirmative defense and by way of new matter, defendant railway company alleges."

In its answer proper the defendant railway company specifically denied the allegations of paragraphs 7, 8 and 9 of plaintiff's complaint, relating to damages, and then "For a further separate affirmative defense and by way of new matter" in the third paragraph thereof alleged that on December 1, 1948, the plaintiff and Buettner were present in its relay shop in the course of their employment, and that plaintiff, while under the inflence of intoxicating liquor and without provocation, profanely abused Buettner, and assaulted him; that neither plaintiff in committing said assault nor Buettner in defending against said assault, was acting within the scope of his employment by the defendant railway company, or in the furtherance of any business of the defendant railway company and also in the fourth paragraph of its said affirmative defense the defendant railway company pleaded the Federal Employers' Liability Act.

Plaintiff's reply admits the allegations of the first and second paragraphs of defendant's separate affirmative defense and denied the allegations of the third paragraph thereof, except the allegations that plaintiff and Buettner were present and on duty in said relay shop in the course of their employment. The reply also specifically admits that the law of the United States was as is pleaded in the defendant railway's answer.

Under the above cited decisions construing Title 45 U.S.C.A. ▮ section 51, which deny the railway's liability on similar facts, circumstances and conditions as are here pleaded, we hold that the pleadings fail to show that plaintiff Amann and Buettner were acting in the course of their employment while they engaged in the fight and encounter wherein the plaintiff received the injuries of which he here complains.

Plaintiff here contends since District Judge Berg had earlier ▮ denied the defendant railway company's demurrer to the complaint, thereby holding the complaint sufficient, that thereafter Judge Lessley who was called in to hear and determine defendant's motion for judgment on the pleadings, was bound by and could neither review nor reverse Judge Berg's prior ruling on the demurrer. This contention we find to be without merit. See Outlook Farmers Elevator Co. v. American Surety Co., 70 Mont. 8, 16, 223 Pac. 905, and Boyle v. Chicago, M. & St. P. Ry. Co., 60 Mont. 453, 459, 199 Pac. 283. See also, 21 C.J.S., Courts, section 195(c), pages 337-339; 15 C.J., Courts, section 359, page 963; 71 C.J.S., Pleading, section 268, page 556; 49 C.J., Pleading, section 561, pages 453, 454.

Accordingly the judgment of the district court is ordered affirmed.

MR. JUSTICES ANDERSON, DAVIS and BOTTOMLY, concur.

MR. JUSTICE ANGSTMAN: (dissenting).

I think the judgment in this case should be reversed.

In support of my position I need go no further than the case of Lillie v. Thompson, 332 U.S. 459, 68 S. Ct. 140, 141, 92 L. Ed., 73, and the authorities relied on by the court in that case.

In that case the complaint according to the court's opinion, charged the following: "Respondent required her [petitioner], a 22-year old telegraph operator, to work alone between 11:30 p. m. and 7:30 a. m. in a one-room frame building situated in an isolated part of respondent's railroad yards in Memphis. Though respondent had reason to know the yards were frequented by dangerous characters, he failed to exercise reasonable care to light the building and its surroundings or to guard or patrol it in any way. Petitioner's duties were to receive and deliver messages to men operating trains in the yard. In order for the trainmen to get the messages it was necessary for them to come to the building at irregular intervals throughout the night, and it was petitioner's duty to admit them when they knocked. Because there were no windows in the buildings single door or on the side of the building in which the door was located, petitioner could identify persons seeking entrance only by unlocking and opening the door. About 1:30 a. m. on the night of her injury petitioner responded to a knock, thinking that some of respondent's trainmen were seeking admission. She opened the door, and before she could close it a man entered and beat her with a large piece of iron, seriously and permanently injuring her."

The court held that defendant under the facts stated in the complaint "had a duty to make reasonable provision against" the danger. It held that breach of that duty would be negligence and that it cannot say as a matter of law that the injury did not result in part from such negligence. It held the complaint sufficient and that it was error to enter summary judgment for respondent. The court rested its opinion on the rule of law stated in the Restatement, Torts, section 302, Comment n.

Section 302 provides in part that "A negligent act may be one which: * * * b. creates a situation which involves an un-

reasonable risk to another because of the expectable action of the other, a third person, an animal or a force of nature.'' Comment to which the court referred in the Lillie case as its authority contains a number of illustrations where there would be liability. Among others is number 16, reading: ''A is a landlord of an apartment house. He employs B as a janitor, knowing that B is a man of uncontrollable temper. C, a tenant of one of the apartments, complains to B of the inadequacy of the heat. B becomes furiously angry and attacks C, seriously hurting him. A is liable to C.''

Here the allegations are that defendant railway company was advised of the dangerous propensities of its employee and of his ''resentful, quarrelsome, vindictive, threatening and turbulent disposition towards plaintiff'', and that defendant company was requested to have him removed from the place where plaintiff was required to work because of the danger to plaintiff. This request was alleged to have been negligently disregarded and defendant Buettner without cause and without the fault or provocation of plaintiff wrongfully and maliciously assaulted plaintiff and gouged out his left eye. The facts alleged here make a stronger case of negligence on the part of the railway company than those in the Lillie case. In the Lillie case it was not an employee of the railway company who committed the assault, as here, and yet the court held there was liability.

The complaint was sufficient to state a cause of action and regardless of the fact that plaintiff at the oral argument abandoned his right to recover on the theory as alleged in his complaint that defendant Buettner at the time of assaulting plaintiff ''was acting in the course of his employment by defendant railway company and in the scope of his employment as such employee.''

Likewise it is of no consequence that the answer contains allegations that plaintiff profanely abused and assaulted Buettner before the latter assaulted plaintiff. That allegation merely tendered issue as to whether Buettner's assault was without

provocation as alleged in plaintiff's complaint. Such issues may not be resolved on motion for judgment on the pleadings.

If any further authority, aside from the Lillie case, is necessary, then attention is called to the case of Tatham v. Wabash R. Co., 412 Ill. 568, 107 N.E. (2d) 735, 33 A.L.R. (2d) 1287, where a case practically parallel with this on the facts was held to be ruled by the Lillie case and that the complaint was sufficient.

Neither the case of Davis v. Green, 260 U.S. 349, 43 S. Ct. 123, 67 L. Ed. 299, nor Atlantic Coast Line R. Co. v. Southwell, 275 U.S. 64, 48 S. Ct. 25, 72 L. Ed. 157, is in point here.

In the Davis case it was charged that the railway company negligently employed a dangerous man with notice of his characteristics. But this allegation was not sustained by proof. On this point the court said, [260 U.S. 349, 43 S. Ct. 124] "We see nothing in the evidence that would justify a verdict unless the doctrine of *respondent superior* applies." The court simply held that there was neither allegation nor proof that the killing was done to further the master's business or as "anything but a wanton and wilful act done to satisfy the temper or spite of the engineer." The opinion is rested on the proposition that there was no proof and in fact no allegation that would bring the case within the rule of *respondent superior,* i. e., that the assault was done in furtherance of the master's business. It simply held that the case did not have to do with primary negligence for having employed a dangerous man with knowledge of his dangerous propensities since the evidence failed to make out a case in that respect.

In the case of Atlantic Coast Line R. Co. v. Southwell, supra, the facts were that the victim of the assault (not the one making the assault) was the one who had known dangerous characteristics. It is not comparable to this case. The court's summary of the facts was as follows [275 U.S. 64, 48 S. Ct. 26]: "* * * Fonvielle, the general yard master, knew that Southwell, the man who was killed, on previous occasions had used threatening language to Dallas, who shot Southwell; that Fonvielle

22

knew or ought to have known that they were likely to meet when they did; that Fonvielle was with Dallas, his subordinate, just before that moment and that Dallas said to him 'Cap. all I want to do is to ask Southwell to lay off of me and let me alone,' and that Fonvielle said that he must not see Southwell, that if he saw him and talked to him it might bring about unpleasant consequences; that Fonvielle left Dallas and after having gone a short distance saw him and Southwell approaching each other and had taken a few steps towards them with a view to separate them in case of an altercation, but that before he had time to·reach them the shot was fired. Fonvielle knew that Dallas had a pistol but there was a strike at the time. Dallas was a special policeman and had a right to carry it and not unnaturally did. * * *''

The fact that the person assaulted and not the one making the assault was the dangerous man furnished the basis for the court's opinion is made plain by what the court said, viz: *"The only sinister designs of which there is any evidence were of Southwell against Dallas,* unless Dallas' remark just before the shooting be taken to foreshadow the event, which it certainly did not seem to until after the event had happened. It appears to us extravagant to hold the petitioner liable in a case like this. See St. Louis-San Francisco R. Co. v. Mills, 271 U.S. 344, 46 S. Ct. 520, 70 L. Ed. 979.'' (Emphasis supplied.)

Here the reverse is true. According to the complaint the railway company knew of the dangerous characteristics of the defendant employee who committed the assault and was warned of the likelihood that he might do so long in advance of the event.

Mere knowledge of the provocative nature of the one assaulted as in the Southwell case would not show negligence on the part of the railway company. Before it could be held to be negligent there must have been, as here, allegation that it knew of the dangerous propensities of the one who actually made the assault in advance of the event. That case does not support the defendant's contention here. This difference between the Lillie

case and the Davis and Southwell cases is what drew from the court in the Lillie case the following: "The cases cited * * * do not cover the fact situation set forth in the pleadings in this case." The fact situation here is exactly the same as in the Lillie case. But if either the Davis or Southwell case by any stretch of the imagination can be said to support the defendant's contention here then they must be held to be overruled by necessary implication by the case of Lillie v. Thompson which is the last case on the subject by the Supreme Court of the United States.

The case of Young v. New York Central R. Co., 88 Ohio App. 352, 88 N.E. (2d) 220, 222, so strongly relied on in the majority opinion, is not comparable to this. In that case plaintiff had worked with the man who assaulted him by relieving him at the end of his shift and the evidence showed that they " 'got along all right.' " The employer had not been warned as here of the danger to plaintiff of being required to work with the one making the assault. Likewise that case did not turn on the sufficiency of the complaint as does this.

The case of St. Louis-San Francisco Ry. Co. v. Mills, 271 U.S. 344, 46 S. Ct. 520, 70 L. Ed. 979, relied on in the Young case and cited with apparent approval in the majority opinion here, bears no resemblance to this case. There the injury was done by strikers and the employer had furnished a guard for employees and hence it was held that its duty was discharged. It should be noted that in the Lillie case the grounds were not guarded or patrolled. Likewise the case of Green v. Atlanta & Charlotte Air Line Ry. Co., 151 S.C. 1, 148 S.E. 633, reversed in 279 U.S. 821, 49 S. Ct. 350, 73 L. Ed. 976, is not comparable to this since in that case the injury was done by a gang of robbers over whom the railway company had no control.

The United States Supreme Court did not state the basis of its opinion but evidently it was on the ground that there was no proof of negligence since the defendant kept men on the grounds policing the premises.

In my opinion the judgment should be reversed and the cause remanded with directions to overrule the motion for judgment on the pleadings.