# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3205
_____

Lloyd Francisco,                          *
                                          *
        Plaintiff-Appellant,              *
                                          *
        v.                                *
                                          *   Appeal from the United States
Burlington Northern Railroad              *   District Court for the
Company, a Corporation,                   *   District of Nebraska
                                          *
        Defendant.                        *
                                          *
Burlington Northern Santa Fe              *
Railroad Company,                         *
                                          *
        Defendant-Appellee.               *

_____

Submitted:  January 27, 2000

Filed:  February 17, 2000
_____

Before McMILLIAN, BOWMAN and LOKEN, Circuit Judges.
_____

McMILLIAN, Circuit Judge.

Lloyd Francisco appeals from a final order entered in the United States District Court[1] for the District of Nebraska granting summary judgment in favor of Burlington Northern Santa Fe Railway Company (Burlington Northern) on his claim pursuant to the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51 et seq. See Francisco v. Burlington Northern Santa Fe R.R. Co., No. 4:98CV3025 (D. Neb. July 12, 1999) (memorandum and order) (hereinafter "slip op."). For reversal, Francisco argues that the district court erred in holding that there is no genuine issue of fact, and Burlington Northern is entitled to judgment as a matter of law, on the question of whether Burlington Northern's negligence contributed to injuries sustained by Francisco as a result of being hit on the head with a hard hat by his supervisor, Al Green, on September 10, 1997. For the reasons stated below, we affirm.

Jurisdiction was proper in the district court based on 45 U.S.C. § 56 and 28 U.S.C. § 1331. Jurisdiction is proper in this court based on 28 U.S.C. § 1291. The notice of appeal was timely filed pursuant to Fed. R. App. P. 4(a).

Francisco brought this FELA action in the district court, alleging that Burlington Northern had negligently failed to provide a safe place to work. The gravamen of his complaint is the allegation that he was subjected to a "daily ritual of horseplay in the power room, including Green's hitting, 'goosing,' shoving, and kicking the workers he supervised." Brief for Appellant at 4. Burlington Northern moved for summary judgment on the ground, among others, that the evidence failed as a matter of law to support a finding that Burlington Northern knew or should have known about Green's allegedly dangerous propensities. In support of its motion, Burlington Northern submitted portions of Francisco's deposition, taken on March 9, 1999. In opposition to the motion, Francisco submitted his own affidavit, as well as the affidavits of two co-workers, Randy Emry and Jerry Fazel. See Joint Appendix at 113-18 (affidavits

---

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

notarized May 15, 1999). Upon review, the district court granted Burlington Northern's motion for summary judgment, and Francisco appealed.

Francisco argues on appeal that, when the evidence is viewed in the light most favorable to him, it is reasonable to infer that Burlington Northern knew or should have known about Green's daily ritual of "horseplay" and abusive conduct, and, therefore, Burlington Northern reasonably could have anticipated exactly the type of harm he suffered. We disagree.

We review a grant of summary judgment *de novo*. The question before the district court, and this court on appeal, is whether the record, when viewed in the light most favorable to the non-moving party, shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986).

The FELA imposes upon employers a "continuous duty to provide a reasonably safe place to work." Ackley v. Chicago & North Western Transp. Co., 820 F.2d 263, 267 (8th Cir. 1987). The duty of care is non-delegable, and it becomes more onerous as the risk to the employee increases. See id. Where an employee is injured as a result of an unprovoked assault by a fellow employee, the employer cannot be held liable under the FELA unless the aggressor was acting within the scope of his or her employment or the employer's negligence contributed to the injury. See Sheaf v. Minneapolis, St. Paul & S.S.M. R.R. Co., 162 F.2d 110, 113 (8th Cir. 1947). In the present case, it is not alleged that Green was acting within the scope of his employment when he hit Francisco on the head. The only question is whether Burlington Northern's negligence contributed to Francisco's injuries. Under the negligence standard, "[t]he employer's conduct is measured by the degree of care that persons of ordinary, reasonable prudence would use under similar circumstances and by what these same persons would anticipate as resulting from a particular condition." Ackley, 820 F.2d

at 267. In other words, Burlington Northern owed a duty of care to Francisco only if there was "reasonable foreseeability of harm." Id.

In their affidavits, Francisco, Emry, and Fazel stated that Green's treatment of other employees included, among other things, hitting, pinching, and shoving, as well as grabbing and kicking at the buttocks and groin area of other employees. In addition, Emry and Fazel each stated that one of Green's supervisors, Oris Smith, was present when some of these alleged incidents occurred, and Fazel stated that another of Green's supervisors, Earl Bauer, was present on one such occasion.[2]

Upon review, we agree with the district court's conclusion that Emry and Fazel are not qualified to testify as to what Smith and Bauer actually saw and that their affidavits indicate at best that Smith and Bauer were each present on at least one occasion when Green engaged in some form of "horseplay." See slip op. at 4 nn.1&2. More importantly, though, Emry's and Fazel's bare allegations that Smith and Bauer were present during one or more unspecified acts of "horseplay" by Green – even assuming they actually saw the alleged "horseplay" – is too generalized and vague to establish a genuine issue of fact as to whether Burlington Northern knew or should have known about a working condition which created a foreseeable risk of injury to its employees.

Furthermore, in his sworn deposition, Francisco clearly admitted that he never complained about Green's conduct prior to the date of his injuries, September 10, 1997, that he never received any complaints about Green's conduct in his capacity as the

---

[2]Randy Emry's affidavit states: "During some of the above referenced incidents, I have personally observed the presence of Oris Smith, and observed Mr. Smith witnessing these incidents." Joint Appendix at 116. Jerry Fazel's affidavit states: "During some of the 'horseplay,' I have seen Oris Smith there to see the 'horseplay'"; he additionally states: "One time I saw Earl Bauer see Al Green's 'horseplay.'" Id. at 117.

union representative, that he had never seen Green get physically violent, and that he had never even heard of Green striking anyone or hurting anyone prior to September 10, 1997.  See Joint Appendix at 57-58, 78-79.  While he later made the contradictory statements in his affidavit that, prior to September 10, 1997, he had observed Green hitting, pushing, shoving, etc., other employees, that Green had kicked him several times, and that he saw Green hit a co-worker on the head with a hard hat, nothing in his affidavit suggests that Burlington Northern knew or should have known about any of these alleged incidents.[3]  In sum, Francisco failed to establish a genuine issue of fact as to whether Burlington Northern knew or should have known about an unsafe or potentially unsafe working condition resulting from Green's alleged daily ritual of "horseplay" and physical contact with co-workers.  Consequently, a jury would have no basis on which to conclude that Burlington Northern reasonably could have foreseen harm to an employee such as Francisco.[4]  See Lager v. Chicago Northwestern Transp. Co., 122 F.3d 523, 525 (8th Cir. 1997) ("Absent a reasonable inference that the railroad was aware of Bradish's alleged violent tendencies, a jury would have no evidence from which to conclude that Bradish's alleged assault and battery on Lager was reasonably foreseeable by the railroad.").  Accordingly, we hold that the district court did not err in granting summary judgment in favor of Burlington Northern.

---

[3]Faced with apparent contradictions in Francisco's sworn statements, the district court considered whether there was any evidence of confusion or mistake on the part of Francisco at the time he gave his deposition.  Finding none, the district court appropriately decided to disregard Francisco's affidavit to the extent it directly contradicted his deposition testimony.  See slip op. at 5 n.3 (citing Camfield Tires, Inc. v. Michelin Tire Corp., 719 F.2d 1361, 1366 (8th Cir. 1983) (absent evidence of confusion or mistake when being deposed, party could not create a genuine issue of fact merely by submitting an affidavit which directly contradicted his earlier harmful deposition testimony)).

[4]We need not address the dubious proposition that the "horseplay" and other physical conduct alleged by Francisco could even create the sort of dangerous condition in the work place from which a reasonable foreseeability of harm *could* be inferred.

The judgment of the district court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.